In re the MARRIAGE OF Betty Jane
BYLER, Respondent,

and

John T. BYLER, Appellant.

No. 27868.

Missouri Court of Appeals,
Kansas City District.

Nov. 29, 1976.

William Brandecker, Ronald E. Smull,
Brandecker & Smull, Columbia, for appellant.

Dale Reesman, Williams, Reesman &
Tate, Boonville, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

PER CURIAM.

This is an appeal taken by the husband
from a decree entered in a dissolution of
marriage proceeding. It is confined to two
of the decretal provisions: (1) that awarding the wife custody of the two year old
female child born of the marriage; and (2)
that awarding attorney fees to the wife.
As to the first, the husband contends that
the wife was guilty of certain indiscretions
which made her unfit to have custody of
the child. As to the latter, the husband
contends the wife was financially able to
pay her own attorney fees.

The paramount concern when determining child custody is the welfare and
best interest of the child. Section 452.375,
RSMo Supp.1973; In Interest of B. B., 537
S.W.2d 682, 684 (Mo.App.1976); In re Marriage of Powers, 527 S.W.2d 949, 952 (Mo.
App.1975). A trial court's order fixing custody should not be disturbed on appeal unless the welfare and best interest of the
child compel a different disposition. In re
Marriage of Powers, supra. When called
upon to review child custody orders, appel-

late courts should vigilantly heed the fact that the trial court is "in a better position not only to judge the *credibility* of the witnesses and the persons directly but also their *sincerity* and *character* and other trial intangibles which may not be completely revealed by the record." *E___ (S___) v. E___,* 507 S.W.2d 681, 684 (Mo.App.1974). Appellate courts therefore should cautiously refrain from substituting their judgment for that of the trial court in child custody matters, and do so only when the trial court's order fixing custody lacks substantial evidence to support it, or is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976); and *B___ A___ S___ v. G___ R___ S___,* Mo.App., 541 S.W.2d 762, handed down September 21, 1976, by the Missouri Court of Appeals, St. Louis District. When the aforesaid legal precepts are superimposed on the record before this court, it cannot be said that the trial court erred in awarding the wife custody of the two year old female child.

■ Section 452.355, RSMo Supp.1973, vests a trial court with broad discretion in awarding attorney fees in a dissolution of marriage proceeding. *Larison v. Larison,* 524 S.W.2d 159, 161 (Mo.App.1975). Under the applicable statute, Section 452.355, supra, the need of a party is but one factor to consider in awarding attorney fees. When the record before this court is read in light of these legal templates, it cannot be said that the trial court erred in awarding attorney fees to the wife.

Judgment affirmed pursuant to Rule 84.-16(b).

All concur.