Lula Mae LOCKETT, Appellant,

v.

Frank LOCKETT, Jr., Respondent.

No. 38589.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 25, 1977.

Homer N. Mastorakos, Chesterfield, for appellant.

Donald W. Paule, Clayton, for respondent.

DOWD, Judge.

Appellant Lula Mae Lockett filed a petition for dissolution of her marriage in the circuit court of St. Louis County. She requested custody of her minor child, maintenance, child support, attorney fees, and costs.

Lula Mae Lockett and Frank Lockett, Jr. were married in 1962. Mrs. Lockett was a school teacher for several years while Mr. Lockett finished college. Mrs. Lockett has earned her masters degree and has completed her course work on her Ph.D. Only her dissertation remains before she will receive her Ph.D. At the time of the trial, Mrs. Lockett was employed at Southern Illinois University-Edwardsville campus as an instructor in the psychology department.

Frank Lockett, Jr. has a college degree and founded an employment agency in 1969. The business has grown annually. In 1974, Mr. Lockett's income from the business was approximately $24,000.

The court granted the dissolution of the marriage and awarded custody of the minor child to the appellant. The court ordered respondent, Frank Lockett, Jr. to pay $50 per week child support, attorneys fees of $3000.00 and costs. The court made the following division of marital property: Lula Mae Lockett was awarded all the furniture, furnishings, and appliances now in her possession, a 1971 Saab automobile, and her personal effects. Frank Lockett, Jr., was awarded all the furniture, furnishings, and appliances in his possession and his personal effects. The decree was amended two days later to award all the stock in Frank Lockett and Associates, the employment agency, to the respondent.

Appellant raises two issues on appeal: 1) the trial court erred in awarding all the stock in Frank Lockett and Associates to the respondent; and, 2) the court erred in not awarding more than $50 per week in child support.

In this court-tried case, we are required to affirm the judgment below unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In re Carmack*, 550 S.W.2d 815, 817[1] (Mo. App.1977); *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

Appellant's initial contention involves the division of marital property. Appellant argues that the stock awarded to the respondent was "the only substantial marital asset," and therefore the court erred in awarding all of it to the respondent. Appellant in fact does not want the stock, but requests a monetary award to remedy the alleged disparity in the settlement.

Section 452.330 RSMo Supp.1976 lists four factors which the trial court must consider in dividing marital property: 1) the contribution of each spouse to the acquisition of the marital property; 2) the value of the property set apart to each spouse; 3) the economic circumstances of each spouse at the time of the division of the property; 4) the conduct of the parties during the marriage. These factors are not exclusive. *In re Marriage of Heddy*, 535 S.W.2d 276, 281 (Mo.App.1976).

We believe that when viewed in light of the above considerations, the trial court's division of marital property is supported by substantial evidence.

It is important to note that a fair and equitable distribution of marital property cannot be accomplished by the rigidity of a mathematical formula. *Seiner v. Seiner*, 552 S.W.2d 54, 56[3] (Mo.App.1977). Rather the standard is one of flexibility, which usually results in fairness to both the parties.

The trial court decree awarded the appellant all the furniture, furnishings, and appliances in her possession. The record indicated that the appellant took all the furniture and furnishings from their home at the time of the separation. The uncontroverted cost of these items was in excess of $6000.00. The respondent on the other

hand had received all the furniture and furnishings in his possession which, in view of the appellant taking all the belongings at the time of the separation, amounted to his clothing and other personal items. The appellant also received a 1971 Saab automobile.

Appellant's take-home pay is approximately $1200 per month. Respondent brings home approximately $900 per month, but has historically received a substantial bonus each year.

There is conflicting testimony as to the contributions of each spouse to the acquisition of the marital property. Suffice it to say that both parties made significant contributions.

■ The center of controversy in this appeal involves the stock in Frank Lockett and Associates, Inc. As stated above, the trial court amended its decree to award the stock to the respondent. The value of the stock is in dispute. Respondent contends the book value of the stock is $2,515.00. Appellant contends the book value is $56,-515.00. The reason for this discrepancy stems from a recent change in accounting practice for retainers received by the corporation. In prior years, retainers received were shown as income. The effect of his practice was to increase stockholders equity and therefrom the book value of the stock.

In 1975, the employment agency received a $50,000.00 retainer. Rather than treating this retainer as income, the accountant set up a deferred income account which did not increase income until the retainer was periodically earned. In the unaudited financial statements prepared for the hearing, the retainer appeared as deferred income, resulting in a significantly lower book value for the stock. Apparently the trial court valued the stock at the lower amount in its division of marital property.

Appellant alleges this change in accounting practice was done to deflate the book value of the stock, but is unable to present any evidence to corroborate her allegation.

We believe the trial court was correct in its valuation of the stock. The retainer is not income until actually earned. The agreement governing the retainer provides for a refund of any amount not earned by the corporation. At the time of trial, only $3,700 was earned by the corporation. The agreement also provided a right of termination, which if exercised, would obligate the corporation to refund the balance of $46,-300. We are unable to view this retainer as augmenting the value of the stock.

■ The second issue raised by the appellant can be considered without lengthy discussion. Appellant contends the trial court erred in not awarding more than $50 per week in child support.

Section 452.340 sets out six factors a trial court may consider in determining child support payments: 1) the father's primary responsibility for support of his child; 2) the financial resources of the child; 3) the financial resources of the custodial parent; 4) the standard of living the child would have enjoyed had the marriage not been dissolved; 5) the physical and emotional condition of the child, and his educational needs; and, 6) the financial resources and needs of the non-custodial parent.

We believe that when viewed in light of the above considerations, the award of child support is supported by substantial evidence. Both parties are in good financial positions. Both have excellent earning capacity for the future. We see no reason to interfere with the decree of the trial court.

We find that there was substantial evidence to support the decree of the trial court, and it did not erroneously declare nor erroneously apply the law. *Murphy v. Carron,* supra.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.