

D. L. C., Petitioner-Respondent,

v.

L. C. C., Respondent-Appellant.

No. KCD 29160.

Missouri Court of Appeals,
Kansas City District.

Dec. 5, 1977.

**624**

A. V. McCalley, McCalley & Thiebes, Richmond, for respondent-appellant.

Robert L. Langdon, Bradley & Langdon, Lexington, for petitioner-respondent.

Before TURNAGE, P. J., and WASSER-STROM and SOMERVILLE, JJ.

TURNAGE, Presiding Judge.

D.L.C., the husband, filed a petition for dissolution of marriage from his wife, L.C.C. The wife appeals claiming as error (1) a finding that her child, adopted by the husband, was "born" of the marriage; (2) the division of marital property; (3) the award of custody of the three children to the husband; (4) the order requiring the wife to pay child support; and (5) failure to award wife attorney fees. Affirmed as modified.

The wife first complains of the finding that there were three children born of this marriage. Both the petition and answer allege there were three children born of this marriage. However, the evidence brought out the fact the older child was born to the wife prior to her marriage to the husband, but the husband adopted this child after their marriage. By § 453.090, RSMo 1969, an adopted child is "deemed and held to be for every purpose the child of his parent or parents by adoption as fully as though born to him or them in lawful wedlock." The court was correct in finding

this child, after his adoption, was a child born of this marriage.

The wife next urges the court erred in the division of the marital property. The marital property consisted of a house where the parties lived with an estimated present value of $22,000 to $25,000. There was a total of $16,500 owed on it. The house had been purchased for $20,500 and the monthly payments were $168.

The parties owned a 1972 Olds, with an encumbrance of $2,000 and a 1974 Scout which was clear. In addition, the parties owed $500 on a bank note and the husband was ordered to pay all indebtedness.

The court awarded the husband the house, a 1972 pickup, a 1971 Toronado, and the household furniture, except for personal items belonging to the wife. There was no estimate as to the value of the furniture. The court awarded the Scout to the wife.

It will be noticed the court awarded a 1972 pickup and a 1971 Toronado to the husband but failed to make disposition of the 1972 Olds. This was an obvious oversight since the 1972 pickup and the 1971 Toronado had been disposed of. In view of the large encumbrance on the 1972 Olds, it is apparent the court intended to award this car to the husband and require him to pay the encumbrance thereon. The decree will be modified to substitute the 1972 Olds for the 1972 pickup and 1971 Toronado.

The court "is entrusted with wide discretion in dividing marital property . . . ." *Davis v. Davis*, 544 S.W.2d 259, 264[8, 9] (Mo.App.1976). The division is required to be just but not equal. *In Re Marriage of B. K. S.*, 535 S.W.2d 534, 536[4] (Mo.App.1976). Section 452.330 requires the court to consider the desirability of awarding the family home to the spouse having custody of the children. Here, the husband was awarded custody of the three boys, the youngest of whom was three years old at trial time. The family home represented the only asset with any appreciable equity. In view of the factors the court was required to consider the division made was not an abuse of discretion.

The wife next contends the court erred in awarding custody of the three boys to the husband. It is not necessary to detail all of the evidence concerning the conduct of both parties. Suffice it to say the wife had left the children with the husband to take an apartment in Kansas City, at least during the week, while she worked in a department store. She admitted frequent association with a man convicted of a felony drug offense. In addition, she had sought the assistance of a physician for emotional problems.

While both parties admitted extramarital affairs, the evidence justified the court in believing the husband to be a stable father who loved his children and would provide a good home for them.

■ "A trial court's order fixing custody should not be disturbed on appeal unless the welfare and best interest of the child compel a different disposition." *In Re Marriage of Byler*, 544 S.W.2d 284[1–5] (Mo. App.1976). After a careful review of all the evidence, this court is unable to say the best interest of the children require a different disposition than that made by the trial court.

The wife next complains of the order requiring her to pay the sum of $20 per week to the husband for child support. The wife testified she earned $75 per week take-home pay. The husband earned $10,000 to $12,000 per year. There was no evidence as to his take-home pay.

The husband did not request child support from the wife nor was there any evidence as to the amount required to properly support the boys.

■ By § 452.340, RSMo 1975 Supp., the court is required to consider, among other things, (1) the father's primary responsibility for support, (2) the financial resources of the custodial parent, and (3) the financial resources and needs of the non-custodial parent. In view of the factors to be considered and the relative financial position of the parties, the court abused its discretion in ordering the wife to pay the husband the sum of $20 per week child support.

■ The wife finally complains in the failure of the court to make any award to her for attorney fees. The wife testified the husband had paid $350 in attorney fees. She also stated she was able to pay her attorney fees, although she might have to pay them in installments. As in other matters, the court is vested with discretion as to the award of attorney fees. *In Re Marriage of Heddy*, 535 S.W.2d 276, 280[9, 10] (Mo.App.1976). No evidence was introduced as to the reasonable value of the services rendered by the wife's attorney nor was there any evidence as to the amount of time spent by her attorney. In view of all the circumstances it cannot be said the court abused its discretion in failing to award the wife a further amount for attorney fees.

The decree is modified by showing the 1972 Olds is awarded to the husband and he is required to pay the encumbrance thereon and to hold the wife harmless from any liability on such encumbrance, to eliminate reference to the 1972 pickup and the 1971 Toronado; and by eliminating therefrom the obligation of the wife to pay the husband the sum of $20 per week child support. As modified, the judgment is affirmed.

All concur.