Mary Elizabeth ARP,
Petitioner-Respondent,

v.

Darrell Duane ARP,
Respondent-Appellant.

No. KCD29644.

Missouri Court of Appeals,
Kansas City District.

Oct. 2, 1978.

---

Jack Lukehart, Brunswick, for respondent-appellant.

Michael L. Midyett, Thomas M. Shea, Midyett & Shea, Keytesville, for petitioner-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

This is a marriage dissolution from which the husband appeals, claiming error in the allowance of maintenance and the division of marital property. The husband's points of error are far from models, but, taken with the argument portion of the brief, can be considered to be claims that, as to both the maintenance and the division of property, there was a lack of substantial evidence, an erroneous declaration of law by the court concerning the award, and an erroneous application of the law by the court. The husband concedes that our review is under the dictates of Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

On the question of substantial evidence to support the trial court's award of the maintenance, it is sufficient to say that the wife, who had a record of ten years of employment in Missouri, terminated her employment and moved to Illinois where her husband was working in an attempt to help her save her marriage. The husband admitted that he had been involved in an illicit relationship with a woman in Illinois for about seven years. The wife's testimony indicated that she had no income at the time of the trial and that her expenses were approximately $500 per month. The trial court's award to the wife was $100 per month. Considering the wife's claim of expenses of $500 per month and the award to her of the family home, an automobile, and a camper, the trial court's award cannot be said to be without substantial support in the evidence. The wife was awarded no income-producing property, a factor to be considered in assessing this evidence. *Brueggemann v. Brueggemann*, 551 S.W.2d 853 (Mo.App.1977). Obviously, the wife should not be required to consume the value of the family home in living expenditures before being entitled to maintenance. *In Re Marriage of Schulte*, 546 S.W.2d 41 (Mo.App. 1977). The principal argument of the husband is that the court failed to consider the wife's ability to be employed in the banking business and provide herself with her entire support by such employment. The difficulty with that argument is that the wife testified that she was unable to obtain employment in her area of experience and that the factory work available to her would provide her approximately $384 per month against her low estimate of expenses of $482 per month which completely supports the trial court's award of $100 per month maintenance. There is no argument that the husband is incapable of providing the maintenance awarded. Defendant cites *In Re Marriage of Vanet*, 544 S.W.2d 236 (Mo. App.1976); *Foster v. Foster*, 537 S.W.2d 833 (Mo.App.1976); and *Brown v. Brown*, 537 S.W.2d 434 (Mo.App.1976), for the principle that income may be imputed to a husband, based upon evidence of his past and present earnings, as evidence of capacity to earn a sufficient amount to provide maintenance for his wife. The husband argues cogently that this rule should be applied in determining the capability of the wife to earn and, therefore, her training and experience in the banking experience would impute to her an ability to earn sufficient to offset any need for contribution by the husband to her maintenance. The difficulty with the husband's argument is that there is direct evidence that the wife is unable to utilize her training and experience in the area of banking and thus obtain a greater income. In the cited cases involving the husband's capacity to earn, there was no evidence of inability to be employed.

With respect to the husband's claims concerning the division of marital property, the court was confronted with a marriage of some twenty-seven years and only marital property to be divided. In the division, the trial court, as indicated, gave the wife the family home, a 1972 automobile, and a camper trailer, with a total value of approximately $21,500. The husband was awarded a 1974 pickup truck, boats and motors, and all of the savings accounts, checking accounts, certificates of deposit, savings bonds, and balance in the credit union with a total estimated value of approximately $8,265.

In considering the husband's claim, certain broad principles of review with respect to division of marital property are applicable and controlling. The trial court is vested with broad discretion in the division of marital property, and its decree will not be disturbed unless abuse of discretion is shown. *Eden v. Eden*, 558 S.W.2d 394, 395 (Mo.App.1977); *Klinge v. Klinge*, 554 S.W.2d 474, 477 (Mo.App.1977); *In Re Marriage of Cornell*, 550 S.W.2d 823, 826 (Mo. App.1977); *In Re Marriage of Vanet, supra* at 240.

Section 452.330 RSMo Supp.1975 provides that the court shall make a just division of marital property and in doing so shall consider the following factors: (1) the contribution of each spouse to the acquisition of the marital property, including the

contribution of a spouse as homemaker; (2) the value of the property set apart to each spouse; (3) the economic circumstances of each spouse; and (4) the conduct of the parties during the marriage. However, these factors are not exclusive. *Lockett v. Lockett*, 558 S.W.2d 387 (Mo.App.1977).

The husband was awarded over $8,000, or approximately 28 per cent of the marital property. The wife was awarded over $21,000, or approximately 72 per cent of the marital property, consisting of the marital home, an automobile, and a camper trailer. The wife worked outside the home for 13 or 14 years during the marriage. There was evidence that the wife was a good and constant homemaker and reared four children, and this was not disputed by the husband. The parties had no separate property except that acquired during the marriage, and it is evident that both contributed substantially to its acquisition and both basically agreed on its value. As discussed previously, although the wife was able to work, she was unable to find appropriate employment sufficient to support herself. It is also clear from the evidence of husband's income and expenses that he could support himself. The wife stated under oath that she had been a faithful and dutiful wife, and the husband presented nothing to counter this statement. On the other hand, husband admitted that he had an intimate relationship with another woman for at least three years during his marriage. Furthermore, although the court is not required to consider this, the fact that husband was awarded all of the income-producing property is relevant to the fairness of the division.

Even though the wife was awarded approximately 72 per cent of the marital property, the statute does not require the court to make an equal division of the property but only a just division, *D. L. C. v. L. C. C.*, 559 S.W.2d 623 (Mo.App.1977); *In Re Marriage of Prenavo*, 556 S.W.2d 463, 466 (Mo.App.1977); *C____ L____ R____ v. L____ B____ R____*, 555 S.W.2d 372 (Mo.App.1977); and this is certainly true where one spouse has engaged in marital misconduct. *Smith v. Smith*, 552 S.W.2d 321, 323 (Mo.App.1977); *Conrad v. Bowers*, 533 S.W.2d 614, 620 (Mo.App.1975); *In Re Marriage of Powers*, 527 S.W.2d 949, 957 (Mo.App.1975).

After reviewing the evidence in light of the relevant factors, including those enumerated in § 452.330, it does not appear that the trial court abused its discretion in making a just division of the marital property.

The judgment is affirmed.

All concur.