In Re the MARRIAGE of Connie Sue HAYS and Stephen Ray Hays.

Connie Sue HAYS, Appellant,

v.

Stephen Ray HAYS, Respondent.

No. WD 30930.

Missouri Court of Appeals, Western District.

Feb. 4, 1980.

Stephen W. Angle, Warrensburg, for appellant.

John W. Inglish, California, for respondent.

Before TURNAGE, P. J., and SHANGLER and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from an order modifying a decree of dissolution. The judgment is affirmed in part and reversed in part with instructions.

Three points of error are alleged on appeal. The first concludes the trial court erred in its specifications of visitation during the year, inclusive of holidays and summer vacation. The second point alleges the trial court erred in ordering appellant to transport the minor child of said parties to the residence of respondent and to pay the expenses of said transportation so respondent could exercise visitation. The final point of error alleges the trial court erred in denying appellant an award for attorneys fees and costs.

The marriage of the parties was dissolved July 29, 1977 in the Circuit Court of Moniteau County. The marriage produced one child, Jason Ray Hays, born November 18, 1974. The dissolution decrees awarded cus-

tody of the child to appellant, with reasonable visitation to respondent.

Respondent's motion, which gave rise to this appeal, requested that (1) the court grant respondent rights of visitation every other week in respondent's home until the minor child starts to school; (2) appellant be required to transport the child to respondent's residence and respondent be required to return the child to appellant's home; (3) respondent have visitation of the child in his home every weekend and appellant be required to transport and deliver the child to respondent's home with respondent returning the child; (4) respondent have the child at his home every other week during the summer in lieu of weekends, with appellant's being required to transport the child to respondent's residence with respondent returning the child; (5) respondent have the privilege of talking with the child by telephone at least once a week; (6) respondent have the child at his home on alternate major holidays from 9:00 a. m. to 7:00 p. m. (holidays enumerated) and (7) appellant be required to transport the child to respondent's home with respondent returning the child.

Since dissolution between the parties, appellant had remarried and with her second husband, relocated some 175 miles from the residence of respondent. Respondent testified the cost per trip to visit his son was $70.00 each trip.

Further evidence indicated respondent had a gross income of $92,916.30, with expenses from his farming operation of approximately $81,000 to $82,000. Appellant married a minister, and was possessed of no job, no bank account and no income of her own. The only asset to which she was a party was a savings account belonging to her present husband, to which her name had been added. The sum of money in this account, if any, was not disclosed. Appellant was able-bodied and had previous work experience. When asked why she did not work or gain any income, appellant advised the court she wished to stay at home to raise her son. She also advised she resided some distance from a place of employment,

and by the time she paid a babysitter, and bore the cost of travel and other expenses attending to employment, she would gain no income.

■ The court entered its judgment, modifying the decree of dissolution. The part pertinent to this appeal reads as follows:

"1. Father shall have visitation rights with the child on one week each month, beginning the first Saturday in April, 1979, at 9:00 a. m. until the following Saturday at 6:00 p. m. Said visitation to be like weekly periods on the first Saturday of each month thereafter until said child begins attending school.

2. When the child is enrolled in a public or a private school as a regular student, said visitation with the father shall be each alternate weekend from 6:00 p. m. Friday evening until 6:00 p. m. each Sunday evening. Said visitation to begin the first Friday in September of the year the child begins attending school.

3. After the child is attending school, the child shall visit and be with his father for a five week consecutive period during the summer months that the child would not be in the normal school year. Said five week period to begin the first Friday in June at the end of the first year that the child is in school. When the alternate weekend visitations and the five week summer visitations begin as designated in paragraphs 2 and 3, the mother shall deliver the child to the father's residence, and at the end of each of the visitation periods, the father shall return the child to the mother's residence."

Review of this case is made pursuant to Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976).

Point one relates to the affixing of visitation and is ruled against appellant in that sufficient evidence supports the granting of the days and hours of visitation prescribed by the court.

As to points two and three, appellant's position is sustained. There is no evidence, let alone substantial evidence, to support that portion of the trial court's judgment which requires appellant to bear the cost of transporting the minor child to respondent in order that he can exercise his right of visitation. Further, there is no sufficient evidence, let alone substantial evidence, to support that portion of the trial court's judgment which denies appellant an award of attorneys fees and orders appellant to pay the costs of the proceedings upon respondent's motion.

The evidence shows respondent had a gross income in excess of $92,000, and by his own testimony, had anticipated a net income of at least $10,000. Although the funds were committed to payment of rent for land rented from his father, respondent had access to a checking account in the balance sum of $23,000.

On the other hand, appellant testified she had no income or other fungible assets available to her. Upon cross-examination, she explained the unfeasible result in seeking and securing employment, because when she deducted travel expense, other employment expenses and babysitter costs, she would not gain any income from employment.

While the courts will not permit custody rights and costs pertaining thereto to be used as a vehicle to punish one parent or to provide award for another, the courts look to the financial circumstances of the parties in an attempt to arrive at an equitable solution between the parties, see *Taylor v. Taylor*, 548 S.W.2d 866 (Mo.App.1977).

Respondent herein invoked the present proceedings. As has been mentioned, between the parties respondent was the only party with income. The courts do look and determine the financial resources of the parties pursuant to §§ 452.355, 452.300 and 452.415, RSMo 1978. This inquiry includes consideration of assessment of costs and fees for counsel. One fundamental requirement is whether a party to an action is possessed of sufficient means to prosecute or defend the action, see L___ J___ S___ v. V___ H___ S___, 514 S.W.2d 1 (Mo.App.1974). See also *Larison v. Larison*, 524 S.W.2d 159 (Mo.App.1975); *Engler v. Engler*, 455 S.W.2d 36 (Mo.App.1970); *In re the Marriage of Byler and Byler*, 544 S.W.2d 284 (Mo.App.1976); *Baer v. Baer*, 51 S.W.2d 873 (Mo.App.1932); *Toth v. Toth*, 483 S.W.2d 417 (Mo.App.1972) and *Ortmann v. Ortmann*, 547 S.W.2d 226 (Mo.App.1977).

Regarding the disposition of the granting or refusal of attorney fees, it has been held the matter is one of discretion for the trial court. Abuse of that discretion is subject to review, see *Kieffer v. Kieffer*, 590 S.W.2d 915 (Mo. banc 1979). The record herein reveals, upon the evidence, that the trial court abused its discretion in denying an award of attorney fees for and on behalf of the appellant.

In addition to the foregoing authority, there is no substantial evidence under the rule in *Murphy v. Carron, supra*, which supports that portion of the judgment assessing costs of this action, transportation costs of the minor child and a denial of an award for attorney fees. A statement for services by appellant's counsel for and on behalf of appellant in these proceedings was admitted into evidence without objection.

It is obvious from the record of these proceedings that no further or additional evidence would be adduced upon retrial of this matter or that no further purpose would be served by a retrial of said issues.

For the reasons set forth herein, the judgment herein is affirmed as it relates to the dates and times affixed to the visitation of respondent. However, the judgment is reversed as to that part respecting the costs of transportation of said child, the award of attorney fees and the assessment of costs. The trial court is hereby instructed to modify its judgment to order respondent to pay the transportation costs of the minor child, both to and from his place of residence, at such times the visitation is exercised. The trial court is instructed to modify its judgment to order respondent to enter an award of attorney fees to appellant's attorney in the sum of $500.00. Finally, the trial court

is instructed to modify its judgment to order all costs of these proceedings be assessed against respondent.

All concur.