Franklin P. PHELPS,
Respondent-Appellant,

v.

Margaret Grace PHELPS,
Appellant-Respondent.

No. WD 32041.

Missouri Court of Appeals,
Western District.

March 30, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 4, 1981.

Application to Transfer Denied
June 8, 1981.

John H. Lake, Jefferson City, for respondent-appellant.

Thomas D. Graham, Jefferson City, for appellant-respondent.

Before WASSERSTROM, C. J., Presiding, and PRITCHARD and TURNAGE, JJ.

WASSERSTROM, Chief Judge.

From a decree dissolving their marriage, both parties appeal.

At the time of dissolution, the husband was age 62 and the wife 53. This was the husband's second marriage and the wife's third. At the time of trial they had been married six years. Both parties agreed that the marriage was irretrievably broken, and their argument has been solely with respect to the monetary aspects of the dissolution. A previous appeal to this court was dismissed and the cause remanded to the trial court because of a failure of the decree to dispose of all the marital property.

The wife's points on this appeal in summary are: (1) that the decree made an unjust division of marital property in that it provides an inadequate distribution to the wife (this point is broken down into various subpoints); and (2) that the decree erroneously failed to award maintenance to her.

The husband on his appeal in turn raises the following points: (1) that the decree made an unjust division in that it awarded an excessive proportion of the marital property to the wife; (2) that the court's finding that the family home and a nearby farm were marital property rather than the separate property of the husband; and (3) that the court erroneously allowed attorneys' fees to the wife.

The manner of dividing marital property and whether to allow maintenance or attorneys' fees, and if so how much, all lie within a wide discretion of the trial court. *Arp v. Arp*, 572 S.W.2d 232 (Mo.App.1978); *Hebron v. Hebron*, 566 S.W.2d 829 (Mo.App. 1978); *D. L. C. v. L. C. C.*, 559 S.W.2d 623 (Mo.App.1977); *In re Marriage of Vanet*, 544 S.W.2d 236 (Mo.App.1976). Furthermore the standard of review in this court tried case is the limited one specified by *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Lockett v. Lockett*, 558 S.W.2d 387 (Mo.App.1977).

Applying those principles here, a review of the record discloses no error warranting interference by this court. An extended opinion would have no precedential value, and the judgment is therefore affirmed under Rule 84.16(b).

All concur.