**Frances Eugenia WACHTER, Appellant,**

v.

**Robert Dale WACHTER, Respondent.**

**No. 44511.**

Missouri Court of Appeals,
Eastern District, Division Three.

Nov. 23, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1983.

Application to Transfer Denied
Feb. 23, 1983.

Hale W. Brown, Kirkwood, Melba I. Parente, Clayton, for appellant.

David McMahon, Clayton, for respondent.

REINHARD, Judge.

Wife appeals from dissolution decree. We affirm.

The decree provides that wife has general custody of the parties' 10-year old daughter and that husband shall have temporary custody at specified dates and times. Husband is ordered to pay $300.00 per month child support, to pay for hospital and medical insurance for the child, and to pay for the child's summer camp. The decree provides that wife shall keep one car, the personal property and furnishings in the family home, certain securities, a certificate of deposit, and her retirement benefits. Husband shall keep one car, unimproved real property in Colorado, an airplane valued at $400.00, and his retirement benefits. Further, husband shall assume and pay all remaining marital debts. The decree provides that the family home, valued at $90,000.00 and encumbered by a note of approximately $50,000.00, shall be sold and the proceeds divided equally between husband and wife. The decree does not provide for maintenance to either party.

Husband was 33 years old at the time of trial, had a bachelor of science degree in business administration, and was self-employed selling investments and life insurance. His income was primarily from commissions. He paid his own business expenses including expenses for office space and secretarial help. In 1980, his gross income was $60,878.00, and his business expenses were $18,754.00. Wife was 30 years of age, had completed two years of college, and was employed as plant coordinator at Artistic Furniture Company. Her gross annual salary was $16,120.00. Wife had worked throughout the parties' 10-year marriage.

On appeal, wife contends the court erred by not ascribing a value to each item of marital property, by not awarding her more than one-half the marital property, by not permitting her and the child to live in the marital home and ordering husband to help make payments on the home, and by not awarding her maintenance. These omissions constitute error, wife contends, because she had worked throughout the marriage and contributed to the acquisition of the marital property, husband was guilty of marital misconduct, and husband's income was substantially larger than her own.

Among the relevant factors a court should consider in dividing marital property are: the contribution of each spouse to the acquisition of the property,

including the contribution of a spouse as homemaker; the value of the property set aside to each spouse; the economic circumstances of each spouse, including the desirability of awarding the family home or the right to live in the home to the spouse having custody of any children; and the conduct of the parties during the marriage. § 452.330, RSMo.Supp.1982. A court may grant maintenance only if it finds the spouse seeking maintenance lacks sufficient property, including marital property, to provide for his reasonable needs and is unable to support himself through appropriate employment or has custody of a child whose condition or circumstances make it appropriate that the custodian not seek employment outside the home. § 452.335, RSMo. 1978.

 The manner of dividing marital property and the allowance of maintenance are within the sound discretion of the trial court, *Phelps v. Phelps,* 615 S.W.2d 607 (Mo. App.1981). We review the trial court's determinations pursuant to the standards established in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

We note at the outset that, absent a request from one of the parties for findings of fact, a trial court is not required to ascribe a specific value to each item of marital property. *Reynolds v. Reynolds,* 610 S.W.2d 311, 313 (Mo.App.1980). In this case there was evidence before the court sufficient to permit it to determine the value of the marital property and to divide it justly. Wife's complaint regarding the court's failure to ascribe specific values to the property is, therefore, without merit.

There is no indication that, in dividing the marital property, the court here failed to consider the factors set out in § 452.330. Each party was awarded approximately one-half of the marital property, and husband was ordered to pay all remaining marital debts. In view of the $50,000.00 mortgage on the marital home and the size of the payments, approximately $610.00 per month, we cannot fault the court's decision to order the home sold and the proceeds divided equally between the parties. We find the court did not abuse its discretion in its disposition of the marital property.

Finally, we cannot say the court erred in denying maintenance to wife. The court had before it her income and expense statements. Wife was employed at the time of trial and intended to remain employed. We find no abuse of discretion.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.