Jane C. McDOWELL, Appellant,

v.

James A. McDOWELL, Respondent.

No. 46874.

Missouri Court of Appeals,
Eastern District,
Division Six.

March 27, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 17, 1984.

Application to Transfer Denied
June 19, 1984.

Kenneth S. Lay, Clayton, for appellant.

John D. Gumersell, St. Louis, for respondent.

Before REINHARD, P.J., and CLARK and MOORE, Special Judges.

DONALD B. CLARK, Special Judge.

Jane C. McDowell appeals from the decree entered in a dissolution of marriage case and, in five points, challenges each component of the judgment except the finding the marriage was irretrievably broken. We find no error and affirm the judgment.

Relevant facts appearing in the record will be set out in the discussion of each point with which they are associated.

The first two points concern child custody. Three children, all minors at the time of trial, were born of the marriage. The issue of custody was sharply contested with evidence presented as to the fitness of both parents. Two psychiatrists, a psychologist and a family therapist testified. The decree placed custody of the children in the husband but granted liberal visitation and periods of temporary custody to the wife. In her first point, the wife now contends the court erred in not appointing a guardian ad litem for the children, as authorized by § 452.490.4, RSMo Supp.1981, before deciding the custody issue.

There is no indication in the record that appellant made any request for appointment of a guardian before or during the progress of the trial. After the decree was announced, the wife filed a motion for a new trial or to amend the decree, but again there was no mention of the failure to appoint the guardian. The subject is raised for the first time in this appeal. The point has not been preserved for appellate review. *Jones v. Jones*, 658 S.W.2d 483, 488 (Mo.App.1983). Appellant urges consideration of the point by this court sua sponte and refers to *S. v. S.*, 595 S.W.2d 357 (Mo.App.1980) as authority. The cited case was one in which the legitimacy of a child born during the marriage was placed in issue by the husband's allegation of misconduct by the wife. We there held appointment of a guardian to be prospectively mandatory if a child's paternity was to be adjudicated incident to the contest between husband and wife in a divorce case. An award of custody does not present a comparable situation. Here, there was ample evidence presented to the trial court upon which the custody issue was decided and we find no aspect warranting sua sponte intervention to rule an issue not presented or considered at trial.

In her second point, also associated with the award of child custody, appellant wife contends there was no substantial evidence to support the finding that the award of custody to the husband was in the children's best interests. The wife points to evidence from the husband himself that she was qualified and capable to follow her profession of elementary school teacher and that no competent evidence from medical witnesses showed her disqualified as parental custodian on mental or emotional grounds. She argues that denying her custody because of evidence she used profane language in front of the children and denigrated respondent in their presence impermissibly punishes her for her bad acts and ignores other evidence of appellant's fitness, including her competence as an elementary school teacher.

The thrust of appellant's contention centers on her qualifications as a custodian and suggests that evidence of her unfitness was not of the substantial nature justifying denial of her request for custody. Even assuming the evidence to be so characterized, however, appellant has not directed attention to any evidence which showed respondent to be unfit. At best, then, the qualifications of both parents under appellant's thesis would be equally balanced. If, in fact, the evidence touching on custody of children does not clearly preponderate in favor of either party, the case is one for exercise of the trial court's discretion to which deference will be given on appeal. *In re Marriage of Shepherd*, 588 S.W.2d 174 (Mo.App.1979); *In re Marriage of Pehle*, 622 S.W.2d 711 (Mo.App.1981).

Review of the record consisting of more than 300 pages of trial transcript suggests that the custody award to respondent is well grounded. There was testimony appellant suffered from mood disorders manifested by irritability, anger and irrational behavior, all of which held the potential for adverse effects on the children. It has frequently been said that the trial judge is in a better position to evaluate the credibility, sincerity and character of witnesses and other trial intangibles not completely revealed by the record. In appellate review, this court presumes the trial court studied all the evidence thoroughly and decreed custody in the manner it believed would be in the best interest of the children. *Galeener v. Black*, 606 S.W.2d

245, 247 (Mo.App.1980). This case is appropriately ruled by that doctrine.

The wife's third point deals with the award of maintenance in the amount of $1000.00 per month for two years. Appellant charges the award was erroneous in respect to imposition of the two year limitation. Although appellant does not take issue with the amount of the award or the authority of the trial court to limit the duration of maintenance in a proper case, she contends the imposition of the limitation was error here because there was no evidence of a reasonable probability of impending change in her financial circumstances.

The facts were essentially not in dispute. At the time of trial, appellant was 38 years old and in good health. She possessed a bachelor of arts degree and a masters degree in elementary education. She had been an active school teacher for six years in the public school system and held a Missouri State Teacher's Certificate. Although she testified at trial that she did not at that time have any current plans for future employment, the reason was her then responsibility for the children at home. That responsibility ended with the award of custody to the husband.

The argument by appellant that she was entitled to an unlimited award of maintenance is based on a mistaken interpretation of § 452.335, RSMo 1978 and the cases which have defined the scope of the trial court's authority to limit the duration of maintenance. While it is true that limitations on the period for payment of maintenance may not be imposed by speculation and conjecture, an award of limited duration is proper if the trial court has before it evidence warranting a reasonable expectation of some impending change in the financial conditions of the parties. *In re Marriage of Powers*, 527 S.W.2d 949, 956 (Mo.App.1975). If the evidence supports the finding that the wife is qualified for employment by physical ability and training and there is a reasonable expectation she will have employment during the period if she seeks it, the award of maintenance

limited to that period is justified. A limited award of maintenance is not precluded merely because the anticipated event of the wife's employment has not occurred as of the date of trial or will become a certainty only after the wife has sought out and obtained a position. *Sansone v. Sansone*, 615 S.W.2d 670 (Mo.App.1981). A limited award of maintenance is an attempt at an appraisal of future events. *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 802 (Mo. banc 1983).

In the present case, the wife had already acquired the qualifications for a teaching position by education and job experience. She was awarded marital property valued at more than $120,000.00, was able bodied and had no responsibility for the support of any dependents. In this situation, it was not unreasonable to anticipate an assumption by the wife of her own financial responsibility within a period of two years, aided by maintenance of $1000.00 per month during the period.

The cases cited by appellant which disapprove limited maintenance awards are characterized by their own particular facts. The ultimate question in each situation is whether the facts support a reasonable expectation that the circumstances of the parties will be markedly different in the future. This is a judgment to be made by the trial court and to be sustained on appeal if supported by substantial evidence. From the facts recounted earlier, we conclude the judgment in this case was adequately grounded on supporting evidence.

Appellant's fourth point deals with the designation and division of marital property. In particular, appellant complains that stock in six corporations should not have been divided as marital property but should have been set over entirely to her. For identification purposes, the assets will be referred to as the Union Electric stock and the other stock shares. The aggregate value of the Union Electric and the other stock shares was $26,433.82.

As to the Union Electric stock, appellant contends it constituted property acquired in exchange for property owned by appellant prior to the marriage and, thus, should have been designated non-marital property in accordance with § 452.330.2(2), RSMo Supp. 1981. Both parties assume the stock was acquired during the marriage although the record shows no detail of when the purchase or purchases occurred. The argument of appellant therefore depends on tracing the source of the stock to pre-marital property of appellant.

■ All property acquired during the marriage is presumed to be marital property. Section 452.330.3, RSMo Supp. 1981. The burden of proving otherwise and that the asset falls within one of the exceptions is on the party attacking the presumption. *In re Marriage of Williams*, 639 S.W.2d 236 (Mo.App.1982). The presumption that property acquired during the marriage is marital property obtains unless rebutted by clear and convincing evidence. *Conrad v. Bowers*, 533 S.W.2d 614, 622 (Mo.App. 1975).

■ In this case the only evidence to support the claim that the Union Electric stock was acquired by appellant from pre-marital assets was her own testimony that she used for this purpose funds from redemption of her Missouri Teachers Retirement Fund. There was no evidence of when the redemption occurred, how much money was involved, when the Union Electric stock was bought or how much was paid for the shares. Countervailing proof from the husband showed that the cost of the stock when purchased was substantially more than any potential for accumulation in appellant's retirement fund. Appellant's proof was patently insufficient to establish the acquisition of the Union Electric stock as an exchange for assets owned prior to the marriage and the trial court therefore committed no error in treating the shares as marital property subject to division.

As to the other stock shares registered in appellant's name, she contends the stock was acquired by her as a gift from respondent, although concededly purchased with marital funds, and therefore should have been set over to her as non-marital property. The judgment of the trial court found expressly contrary to this contention.

The facts, consistent with the resolution of the issue by the trial court, were that the stocks were bought by the husband from time to time with joint funds and although registered in the wife's name, the certificates were kept by the husband at his office and later in a bank safe deposit box. The husband freely sold stocks titled in the wife's name without consulting her. At no time did the wife exercise any actual control over the shares in question or attempt to do so. The sole basis for her claim to separate ownership by gift of the stocks in question was the identity of ownership on the face of the certificates and her testimony that the husband told her the stocks were to be hers.

■ The necessity for proof by clear and convincing evidence that separate property is created by a gift between spouses during the marriage is the same as that in the case of property claimed to have been acquired in exchange for property held prior to the marriage. The mere designation of individual title in one of the spouses has no bearing on the presumption created under the statute. Section 452.330.3, RSMo-Supp. 1981.

■ It is apparent from the judgment, even assuming the wife's testimony alone would have been sufficient to prove the gift, that the trial court did not believe her evidence. The determination of credibility is the trial court's function. *Weast v. Weast*, 655 S.W.2d 752, 757 (Mo.App.1983). Granting to the trial court the discretion appropriate in such matters, we find no abuse in the property division award which did not set off to appellant the Union Electric stock and the other stock shares.

In a final point, appellant complains that she was awarded only one-half of her attorneys' fees which, according to the affidavit of the wife's attorney, amounted to $7,751.70 including expenses. Also raised

is the claim that the trial court should have ordered the husband to pay a psychiatrist's bill of $2,366.00 as litigation expense.

 According to the statute, § 452.355, RSMo 1978, the trial court may award attorney fees and suit expenses after considering all relevant factors. The award is discretionary and reviewable only for abuse. *Nowels v. Nowels*, 637 S.W.2d 163, 166 (Mo.App.1982). Taking into account the facts set out earlier in this opinion, we cannot agree that the trial court abused its discretion in granting the allowances as it did.

The judgment is affirmed.

All concur.