**James E. TOWNSEND,**
**Petitioner-Appellant,**

v.

**Diana L. TOWNSEND, Respondent.**

**No. 49726, 49805.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 21, 1986.

Motion for Rehearing and/or Transfer
Denied Feb. 25, 1986.

Application to Transfer Denied
March 25, 1986.

---

Robert Bennett Satchell, Union, for petitioner-appellant.

Charles Clifford Schwartz, James Jay Knappenberger, Clayton, for respondent.

KAROHL, Presiding Judge.

Petitioner James E. Townsend (husband), appeals decree of dissolution which awarded respondent Diana L. Townsend (wife) the family home, certain personal property, custody of the only child, child support, maintenance, and attorney fees. Wife cross-appeals claiming trial court abuse of discretion in not reopening the case in accordance with her motion to reopen evidence.

The parties were married on May 23, 1980. On September 25, 1981, Darcy Lynn Townsend was born of the marriage. The parties separated on several occasions, the last of which occurred about July 26, 1983. On November 13, 1984, the trial court found the marriage was irretrievably bro-

ken. It granted primary care and custody of the parties' minor child to wife and denied husband all rights to temporary custody and visitation. Wife was also awarded: (1) $75.00 per week child support for Darcy, (2) $75.00 per week for maintenance, (3) the marital home "along with all rights and obligations pertinent thereto", (4) all furniture and furnishings located in the marital home, (5) three motor vehicles, (6) certain articles of property wife acquired by gift from husband, (7) all personal belongings in wife's possession, and (8) $2,500 for attorney fees. Husband was "awarded all his personal belongings in his possession and all of the assets and liabilities of 'Jim's Auto Sales' not otherwise specifically awarded to the respondent." Husband was also awarded four motor vehicles, and some furniture as his separate property. Husband was ordered to maintain medical insurance for the minor child or pay all medical expenses of the child. Husband was also "ordered to remove any encumbrance on the former marital home which is the result of, or related to, the operation of 'Jim's Auto Sales' within ten (10) days of the entry of this Decree." Husband raises five points of error.

Our review is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decree or judgment of the trial court will be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares or applies the law. We must defer to the trial court to judge the credibility of the witnesses.

■■■ Husband first contends the trial court erred in declaring the entire family residence marital property. Husband claims that under the "source of the funds" rule enunciated in *Hoffmann v. Hoffmann*, 676 S.W.2d 817 (Mo. banc 1984), wife is not entitled to receive the entire family home. Husband owned the home prior to the marriage at which time it was valued about $6,500–$7,000. The real estate remained in husband's name only until the time of trial. The finding that the entire property was marital denied husband

the pre-marriage value of the property. Improvements were made to the home during the marriage totalling approximately $14,000. The current value of the home is estimated at $25,000–$30,000. Applying the "source of the funds" rule the marital community should be entitled to share in the proportionate increase in value of the property attributable to improvements made by marital funds and labor. *Hoffmann*, 676 S.W.2d at 825.

We find and wife agrees the trial court misapplied the law set forth in *Hoffmann* by awarding the entire family home to wife. However, the parties are in conflict as to the value of the home and related issues. We, therefore, remand this issue to the trial court to hear evidence and divide the marital home under the principles of *Hoffmann*.

■■ Husband next contends the trial court erred in dividing the assets of husband's used car business between the parties. Husband claims the cars awarded wife in the decree were no longer in husband's possession, and by denying future use of floor plan financing, the trial court may effect a subsequent failure of the business. Husband's sweeping accusations that the trial court's division of the business assets "is so harsh, burdensome and inequitable upon the parties that it constitutes an abuse of discretion" are without merit. Husband fails to demonstrate in his argument or by reference to the record wherein and why the award of motor vehicles to the wife and the trial court's order for husband to remove the encumbrances on the marital home relating to husband's business was error. The three motor vehicles awarded to wife, a 1978 Chevrolet Impala, a Chevy pickup with camper, and a 1979 MGB Roadster, were testified to as marital property. Further, nothing in the record demonstrates husband will be denied future use of floor plan financing without the availability of the former marital home. This is not a case in which the award of certain assets of a spouse's business would disturb or destroy the business.

*See Hilger v. Hilger,* 570 S.W.2d 736 (Mo. App.1978). Point denied.

■ Husband's third point assails trial court error in setting off to wife as gifts certain articles of personal property purchased by husband during the marriage with marital assets. All property acquired by either spouse subsequent to the marriage and prior to a decree of legal separation is presumed to be marital property, § 452.330.3 RSMo Cum.Supp.1984; *McDowell v. McDowell,* 670 S.W.2d 518, 523 (Mo. App.1984), unless the property vests in one or both of the parties after commencement of suit resulting in dissolution or legal separation. § 452.330.3 RSMo Cum.Supp. 1984. The presumption of marital property is overcome by a showing that the property was acquired by gift. § 452.330.2 RSMo Cum.Supp.1984; 670 S.W.2d at 523. There is no prohibition from one spouse making a gift to the other, *Busby v. Busby,* 669 S.W.2d 597, 600 (Mo.App.1984), but this must be shown by clear and convincing evidence. *Conrad v. Bowers,* 533 S.W.2d 614, 622 (Mo.App.1975).

■ The trial court awarded wife the following items which the trial court found were acquired by gift from husband: (1) a washer and dryer, (2) a refrigerator, (3) a stove with microwave, (4) a color television set, and (5) a dining room table with six chairs. Wife testified husband gave wife the refrigerator as a wedding gift, the stove with microwave in celebration of their second wedding anniversary, the television as a birthday present, and the dining room table and six chairs as a Christmas present. Wife stated each gift was given before or after the particular occasion. No other gift was given for each occasion. We are unable to find mention of the washer and dryer which the trial court set off to wife. We, therefore, direct the trial court on remand to determine whether the washer and dryer are marital property or gift, and award these items accordingly. We find the other articles of property were acquired by gift from husband and affirm the trial court's award of those items.

■ The fourth contention of husband is that the trial court erred in awarding wife attorney fees in the sum of $2,500. The trial court is vested with broad discretion in awarding attorney fees in dissolution actions, and only when that discretion is abused should its order be overturned. *Atwood v. Atwood,* 664 S.W.2d 673, 675 (Mo. App.1984). The trial court is an expert in determining reasonable attorney fees. *Gambino v. Gambino,* 636 S.W.2d 81, 83 (Mo.App.1982). In the instant case, wife's attorney offered evidence that his attorney fee to the date of trial was $1,700. In light of this uncontroverted testimony, and evidence of post-trial matters, we find no abuse of discretion in the trial court's award of attorney fees.

■ Finally, husband claims the trial court abused its discretion in awarding wife $75.00 per week child support and $75.00 maintenance. A court may grant maintenance only if it finds the spouse seeking maintenance lacks sufficient property, including marital property to provide for her reasonable means, and is unable to support herself through appropriate employment *or* has custody of a child whose condition or circumstances make it appropriate that the custodian not seek employment outside the home. § 452.335 RSMo 1978; *Wachter v. Wachter,* 645 S.W.2d 111, 113 (Mo.App.1982). The determination of the trial court with respect to the allowance and amount of maintenance is discretionary, and our review is only to determine trial court abuse. *Hogan v. Hogan,* 651 S.W.2d 585, 587 (Mo.App.1983).

The facts that the trial court should consider in determining the amount of child support are: (1) the father's primary responsibility for support of his child, (2) the financial resources of the child, (3) the financial resources of the custodial parent, (4) the standard of living the child would have enjoyed had the marriage not been dissolved, (5) the physical and emotional condition of the child and his educational needs, and (6) the financial resources and needs of the non-custodial parent. § 452.-340 RSMo 1978. The amount of child sup-

port awarded rests within the sound discretion of the trial court. *Larison v. Larison,* 524 S.W.2d 159, 161 (Mo.App.1975). We defer to that court's judgment unless the evidence is palpably insufficient to support it. *In re Marriage of D.M.S.,* 648 S.W.2d 609, 612 (Mo.App.1983).

The trial court found husband "is lucratively employed at Chrysler Corporation and earns a substantial income thereby which includes wages and benefits in the nature of pension plans and insurance; petitioner is also self-employed." The trial court also found wife "lacks sufficient property to support herself; incapable of supporting herself through appropriate employment, and is the custodian of the child of the parties, a child whose age makes it inappropriate for the respondent to be employed outside of the home."

We have examined the record and find the findings of the trial court substantially supported by the record and conclude the awards of child support and maintenance are fair and reasonable and not an abuse of discretion.

In wife's cross-appeal, she claims the trial court abused its discretion in not reopening the case to present additional evidence. The rule is well established that the trial court's decision to allow a party to present further evidence after the evidence is closed is a matter of discretion and that the trial court should only be reversed upon a showing of abuse of that discretion. *Matter of Estate of Viviano,* 624 S.W.2d 130, 133 (Mo.App.1981). In view of the fact that wife was awarded the majority of the marital assets, custody, maintenance and attorney fees, and may ask for a modification of child support and maintenance in the future, we find the trial court did not abuse its discretion in refusing to reopen the evidence. However, the purpose of the request to reopen the evidence was to offer evidence of husband's misconduct. The trial court is free to redetermine the relevance of such evidence in considering the issues to be considered on remand.

Judgment affirmed in part and reversed and remanded in part.

SIMON and GARY M. GAERTNER, JJ., concur.