Karen Lynn **RUPNIK**, n/k/a Karen Lynn Klaser, Appellant,

v.

Steven August **RUPNIK**, Respondent.

No. 65477.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 24, 1995.

Robert Stephen Flavin, St. Louis, for appellant.

Thomas H. Lake, St. Louis, for respondent.

GARY M. GAERTNER, Judge.

Appellant, Karen Lynn Rupnik ("mother"), appeals from an order of the Circuit Court of the County of St. Charles requiring her to pay respondent's, Steven August Rupnik's ("father"),[1] attorneys' fees, incurred when mother filed a motion to remove the parties' minor children from Missouri to Russellville, Arkansas. We reverse and remand.

The parties were divorced in 1986. The decree of dissolution provided the parties would share joint custody of their two minor children, T.R. and C.R.; mother would have primary physical custody of the children; and father would have reasonable rights of temporary custody and visitation. The decree also required the permission of the non-custodial parent or a modification of the decree before the children could be removed from the State of Missouri for a period in excess of 90 days.

Mother married Alan Klaser in the spring of 1990. In late 1991, Mr. Klaser was advised his position with his employer was being transferred to Russellville, Arkansas. Mother immediately contacted her attorney. A letter discussing the move was sent to father; subsequently, on January 6, 1992, mother filed a motion with the court requesting a modification of the decree allowing her to remove the children from Missouri for a period in excess of 90 days.

Eight different trial settings were scheduled between April 16, 1992, and November of 1993; however, due to various conflicts on the part of father and his attorney, a hearing on the motion was not held until November 15, 1993. By that time, mother and children had been residing in Arkansas for nearly a year and a half.

At the close of the hearing, the trial court found it was in the best interests of the children to remain in Arkansas. Although the court acknowledged that mother was not responsible for any of the continuances in the matter, the court determined mother had the responsibility of keeping the children in Missouri until a ruling could be made on her motion. Because she violated the original decree and removed the children from this state before a modification of the decree was entered, mother was ordered to pay all costs and attorneys' fees incurred in this cause of action. It is from this portion of the order mother now appeals.

Mother contends the order requiring her to pay father's attorneys' fees is erroneous for three reasons: 1) there was no evidence of the financial resources of the parties; 2) mother was ordered to pay all of father's fees despite the fact there were two motions before the court and only one was ruled on; and 3) mother's removal of the children from this state was not a proper basis for the award of fees and costs against her.

RSMo § 452.355.1 (Supp.1994) states in pertinent part:

1. The court from time to time after considering all relevant factors **including the financial resources of both parties** may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 [2] and for attorney's fees ... (emphasis added).

This statute has been interpreted as **requiring** an inquiry into the financial situations of the parties. *Nix v. Nix*, 862

1. Thomas H. Lake, former attorney for father, filed the brief as an interested party in response to mother's appeal, as the order of the trial court required mother to make payment directly to Mr. Lake, and also authorized Mr. Lake to enforce the judgment for attorneys' fees in his own name.

2. The present action for modification of the original decree requesting removal of the children from the state for more than 90 days was brought pursuant to RSMo § 452.377 (1986) and, thus, falls within the parameters of RSMo § 452.355.

S.W.2d 948, 952–53 (Mo.App.S.D.1993); *Thompson v. Thompson*, 853 S.W.2d 410, 413–14 (Mo.App.W.D.1993). A court's failure to so inquire is error. *Gentry v. Simmons*, 754 S.W.2d 579, 583–584 (Mo.App.W.D.1988). Here, the only evidence as to the financial resources of anyone involved was testimony by Alan Klaser that he earns about $80,-000.00.[3] We find this evidence insufficient under the statute to support the trial court's order requiring mother to pay all costs and fees associated with this action. A remand is necessary to allow the court the opportunity to sufficiently inquire into the financial resources of the parties before allocating the payment of costs and attorneys' fees. Point granted.

■ Mother also suggests she was ordered to pay all costs and fees incurred for two separate motions pending before the court, despite the fact only one was tried at the hearing. Specifically, mother argues her motion to remove the children from Missouri was heard and ruled upon by the court, but father's motion seeking a change of custody was not adjudicated. We disagree.

Mother's motion asserted it would be in the best interests of the children for the original decree to be modified to allow the children to reside in Arkansas. Father's cross-motion argued it was in the best interests of the children to have primary custody transferred to him so that the children could remain in Missouri. In its order, the trial court found the best interests of the children would be served by sustaining mother's motion and allowing the children to reside out of state. Additionally, the court acknowledged the stipulation of the parties whereby mother and father agreed to a schedule of visitation and a division of costs associated with the visitation. It is obvious the court's action sustaining mother's motion resulted in a denial of father's motion. Accordingly, mother's Point II is denied.

■ For her third and final point, mother claims the court's attempt to penalize her for removing the children from Missouri prior to the court's modification order by ordering her to pay all costs and attorneys' fees was erroneous. We agree.

It has been held that the misconduct of one of the parties is a factor which can be taken into consideration in ordering payment of attorneys' fees. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo.banc 1989); *Wilson v. Wilson*, 822 S.W.2d 917, 924 (Mo.App.E.D. 1991). However, in an analogous situation, this court reversed an order requiring the custodial parent to pay all transportation costs relative to visitation as a penalty to said parent's removal of the parties' children from the state prior to the court's entry of a modification order. *Taylor v. Taylor*, 548 S.W.2d 866, 869–70 (Mo.App.St.L.D.1977). This holding was taken one step further in *In re Marriage of Hays*, 594 S.W.2d 369, 371 (Mo.App.W.D.1980). There, the Western District of this Court found error where the trial court had ordered mother to pay transportation costs for the child's visitation, and attorneys' fees and costs relating to the motion to modify filed by father, as a penalty to mother after she remarried and moved the parties' child 175 miles from father's residence. *Id.*

Relying on these holdings, we find the court erred in ordering mother to pay all fees and costs as a penalty for moving the children prior to the court's modification order. A remand is necessary so the court may consider "all relevant factors including the financial resources of both parties" before allocating payment of attorneys' fees and costs.

That portion of the court's order addressing payment of attorneys' fees and costs is reversed; cause is remanded for actions in accordance with our opinion herein.

REINHARD, P.J., and CRAHAN, J., concur.

■

---

3. This court assumes this is Mr. Klaser's yearly income.