In re the MARRIAGE OF Jo Ann WILLIAMS and John E. Williams

**Jo Ann Williams, Petitioner-Respondent,**

and

**John E. Williams, Respondent-Appellant.**

No. 12521.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 27, 1982.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for petitioner-respondent.

John B. Newberry, Springfield, for respondent-appellant.

PREWITT, Judge.

Appellant appeals from a decree of dissolution. The parties were married for the second time on September 22, 1979, separated on May 23, 1980, and a decree dissolving their marriage was entered on July 20, 1981. Appellant contests the findings of the decree that forty-eight calves were marital property and that a pickup was worth $4,000 and granting respondent a monetary award of half the value of each.

The calves were born during the marriage, but appellant contends that because the cows which bore the calves were owned by him and bred prior to the marriage, the calves "were only an increase in the value of the herd and were non-marital property". He also contends that even if the calves were marital property that the trial court abused its discretion by dividing the value of the calves when the "fair thing for the trial court to have done was to divide the profit made, if any, from the calves."

Appellant contends that the calves were not marital property because they

were an "increase in value of property acquired prior to the marriage" under § 452.-330.2(5), RSMo 1978. Appellant relies on cases involving improvements during the marriage to prior acquired real estate. He cites in support of his contention *Stark v. Stark,* 539 S.W.2d 779 (Mo.App.1976), *In re the Marriage of Cain,* 536 S.W.2d 866 (Mo. App.1976), and *Conrad v. Bowers,* 533 S.W.2d 614 (Mo.App.1975). Under § 452.-330.3, property acquired during the marriage is presumed to be marital property and the burden of proving that it falls within one of the exceptions is on the party attacking the presumption. *Hull v. Hull,* 591 S.W.2d 376, 379 (Mo.App.1979). See also *In re Marriage of Null,* 608 S.W.2d 568, 570 (Mo.App.1980).

■ Appellant treats the calves only as a part of the herd. While they are members of the herd they are also individual animals which can be and are sold separately from their mother or other members of a herd.[1] They are not such an integral part of the herd that they and the other animals cannot be considered apart from one another. The calves retain their separate entity even when a part of the herd. This is different than improvements to real estate as the improvements become a part of the real estate. The calves are more akin to income during the marriage from property acquired prior to the marriage. Such income is marital property. *In re the Marriage of Cain,* supra, 536 S.W.2d at 870. As they are property acquired during the marriage, the trial court correctly treated the calves as marital property.

■ The trial court attempted to divide the value of the calves equally, giving respondent a monetary award for half their value. Appellant contends this was erroneous and the trial court should only have divided the profits from the calves. Under § 452.330 the court is to divide "marital property", not profits made or anticipated.[2] The trial court made a just division of the value of the calves.

■ Appellant contends in his final point that the trial judge erred in valuing a pickup truck because he failed to take into consideration the indebtedness owed on it. Appellant testified that he borrowed money on his farm from the Federal Land Bank and with a portion of that loan bought the pickup. The loan was in 1978 and the pickup was purchased in 1980. There was no testimony from appellant nor any other evidence that there was any encumbrance on the pickup for the court to consider. This point is denied.

The judgment is affirmed.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.

---

1. There was no evidence of the age of the calves and no contention that any of them might be so dependent upon their mother that it would be impractical to sell or value the calves separately.

2. Appellant states in his brief that "the farmers of this nation would not be so vocal about their poor estate if it were a fact that the price of a calf is one-hundred percent profit." However true that statement may be, if the courts were to divide profits rather than assets in a dissolution, a farmer's wife might be ill-advised to seek a dissolution lest she end up with a deficit.