**Otto SULLTROP, Appellant,**

v.

**Raymond H. SULLTROP, and Joyce M. Sulltrop, his wife, Respondents.**

**No. 45912.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 2, 1983.

Prudence L. Fink, Union, for appellant.

Thomas J. Briegel, Union, for respondents.

CRIST, Judge.

Suit to set aside a deed for the conveyance of appellant's (father) one hundred acre farm to respondents (son Ray) for inadequate consideration. Father asserts undue influence. Trial court found no undue influence. Father appeals. We affirm.

■ The trial court found father did not meet his burden of proving undue influence by clear, cogent and convincing evidence. *Wilkie v. Elmore,* 395 S.W.2d 168, 172 (Mo. 1965). Judgments in court tried cases, such as this one, are presumed to be correct. Moreover, we must defer to the trial court's finding of credibility. *Wingate v. Griffin,* 610 S.W.2d 417, 419 (Mo.App.1980); Rule 73.01.

Father was 86 years of age at the time of trial on February 22, 1982. He had six children. His primary asset was his one hundred acre farm worth in excess of $100,-000. Father had always wanted son Ray to have the farm. In 1975, he wrote a will devising the land to son Ray with the proviso Ray was to pay $1,000 to each of the other children. Father's wife had died many years before and his daughter, Laverne, stayed and worked with him on the farm. As his health failed, he started staying with some of his other children. In March of 1981, father began staying with son Ray. In April of 1981, father made a second will giving son Ray the first option to buy the farm at a fair price. All six children were present at Attorney Moll's office when this second will was executed. There was no question but that father was in control of his mental facilities at the time of the execution of this second will.

On May 4, 1981, son Ray sought the advice of Attorney Brown. He inquired as to whether father could convey the land despite the existence of the will. On May 6, 1981, son Ray, his brother Herbie and father went to see Attorney Brown. Herbie was surprised by father's desire to sell the farm to Ray and suggested a family meeting. At this meeting, held May 10, 1981, Ray told the others as he could not afford to pay the fair market value of the land, he was going to pay $30,000 for it. The other five children did not object to son Ray's having the land, but thought he should pay more money for it.

■ Shortly after the meeting, father sold the farm to son Ray for $30,000. A condition of the sale was for daughter, Laverne, to have the right to live in the farm house for 12 years rent free. It was clear father knew the land was worth more than $30,000. However, in making the sale to Ray, his two goals were to have the farm remain in the Sulltrop name and to provide Laverne with a place to stay. Father said he wanted more money for the land, but Ray could not pay more than $30,000. Attorney Brown testified father indicated it was more important to him that Ray have the land at a cheaper price than for his other children to have more money to divide. There was substantial evidence to support the ultimate fact father knew what he was doing when he executed the deed. In the words of the trial court, "he did what he wanted to do at the time he did it."

In his motion for new trial, father alleges son Ray perjured himself at trial by denying any knowledge of recent prices for land in the vicinity. During cross-examination Ray denied having "bought and sold" property in the area within the past 10 years. Included in father's motion for new trial was evidence showing Ray had purchased approximately 20 acres nearby, 3 years prior to trial. Father asserts the new evidence would show Ray knew the land was worth more than $30,000.

■ Generally, motions for new trial on the basis of newly discovered evidence are addressed to the sound discretion of the trial judge. They are viewed with disfavor and are granted only in exceptional circumstances. *Executive Jet Management, Etc. v. Scott,* 629 S.W.2d 598, 610 (Mo.App.1981).

■ The motion must show: (1) The evidence has only recently come to movant's knowledge, (2) due diligence would not have uncovered the evidence sooner, (3) the new evidence is so material it would probably produce a different result, (4) the new evi-

dence is not cumulative, and (5) the object of the evidence is not to impeach the character or credit of a witness. *Id.*

■ The trial judge was correct in denying plaintiff's motion for a variety of reasons. The alleged sale of land to defendant was in 1979 and the trial was in 1982. Plaintiff does not allege due diligence would not have uncovered the evidence sooner. Nor is it clear the evidence would have produced a different result in that there was no question but that son Ray paid less than the fair market value of the property.

For the foregoing reasons, the trial court appropriately denied plaintiff's motion for new trial on the basis of newly discovered evidence.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.