**In re the Marriage of John BIZZELL, Jr.,**

v.

**Ethel BIZZELL, Respondent.**

**No. 49003.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 10, 1985.

Susan M. Hais, Clayton, for appellant.

Rollin J. Moerschel, St. Charles, for respondent.

SMITH, Presiding Judge.

Husband appeals from a decree in a dissolution action and challenges the distribution of marital property, the award of maintenance and the absence of an award of attorney's fees. We affirm.

The parties were married in August 1976 and separated in January 1983. Both had been married previously. Wife was in her fifties and husband in his late forties at the time of the marriage. No children were born of the marriage. At the time of the marriage husband held an administrative position with the Ferguson-Florissant School District making approximately $22,-000 per year. He holds bachelor's and master's degrees in education and has taken additional college credits. He brought to the marriage virtually no financial assets.

Wife was high school educated. She owned at the time of marriage all of the stock of a corporation which owned and operated a chain of five nursery schools in St. Charles County. She owned, and leased to the corporation, the land and buildings utilized for the nursery schools. She brought to the marriage in addition substantial real and personal property.

After the marriage additional property was acquired in joint names: (1) A condominium in Hawaii found to be marital property and awarded to the wife; (2) A condominium in St. Charles found to be marital property and was awarded to husband; (3) A condominium in Florida found to be marital property and awarded to husband; (4) Two duplexes in Florida found to be marital property and awarded to wife; (5) Land and a building leased to the corporation for a sixth school found to be marital property and awarded to wife. In addition certain tax shelter investments were acquired during the marriage. Two of these were found to be non-marital property of the wife and one was found to be marital and awarded to the husband. It is safe to say that the overwhelming amount of money utilized to acquire these properties was either from assets possessed by the wife prior to marriage or from her income from the nursery school operation during the marriage. The trial court could also have found from the evidence that wife provided from her earnings the day to day expenses of the marital unit as well as most of the funds for acquisition of furnishings, automobiles and other personal property acquired during the marriage.

The trial court found all the stock of the corporation and the five parcels of real estate leased to the corporation to be non-marital property of the wife. Because husband's main challenge to the property distribution is this factual determination some recitation of the status of this property after the marriage is warranted. The property involved was never placed in joint names. In 1980 the parties entered into a sale transaction by which the five parcels, plus the sixth parcel held in joint names, and the stock of the corporation was sold to Ferro-Wonderworld. The consideration was in excess of $1,300,000. Most of that consideration was reflected by a note payable to wife only. Husband was a party to the transaction because of his interest in the sixth parcel of real estate. Most of the money received in payment of that note was interest and these payments went into the joint account of the couple. Within 18 months the purchasers were in default. In order to avoid foreclosure the purchasers agreed to transfer the real property to wife's daughter. The stock was reconveyed to wife. The daughter was utilized as a straw party in order to keep open the possibility of foreclosure in the event that liens against the property surfaced subsequently. Except for state and federal tax liens against the corporation for unpaid employee taxes, no other liens appeared. At the conclusion of the lien period the real property was conveyed by the daughter. That conveyance was of the original five parcels to the wife, and the sixth parcel to husband and wife. That was exactly the

state of title prior to the ill-fated sale. Wife then utilized certain pre-marital assets of hers plus earnings of the corporation to pay off the tax liens.

In 1979 husband elected to terminate his employment with the Ferguson-Florissant school district and received an incentive of $10,000 for early retirement. This incentive was available only because husband in applying for early retirement stated his reason for retirement to be his health condition of high blood pressure. During trial husband admitted that that condition was controlled by diet and was not the reason for his retirement. Husband contended that wife urged his retirement so they could be together and travel and so he could help her with the schools. Wife denied this and testified she was surprised at the resignation, did not need husband's help with the schools, and that husband's resignation was the product of a general discontent and restlessness. Husband was employed by the corporation for a salary but wife testified that she had to find things for him to do and that he was generally ineffective and overqualified for what work he did perform. Wife at various times during the marriage supplied husband with money for training and for expenses in setting up businesses but these enterprises were either unsuccessful or abandoned by husband. Husband withdrew his accrued retirement from the state and invested it in a business with his son in Texas. That business failed. At the time husband first testified at trial he had made two calls to school districts to inquire about employment and been told they had no vacancies. He submitted no applications for employment. During his rebuttal testimony several months later he testified he had in the interim submitted applications to fourteen school districts. He did not testify as to the results of those applications. All were submitted after commencement of the school year. The trial court awarded husband maintenance of $1,000 per month for twelve months.

Husband raises on appeal basically four points: (1) the court erred in determining that the corporation stock and five of the parcels of land leased by the school were non-marital property of wife; (2) that the division of marital property was unfair; (3) the limitation on maintenance to one year was unwarranted; and (4) the court erred in failing to award attorney's fees.

■ In regard to the first point husband contends that the value of the nursery school business was enhanced by his labors and under the "source of funds" doctrine of *Hoffman v. Hoffman*, 676 S.W.2d 817 (Mo. banc 1984) he is entitled to the increase in value from his labors. Additionally he contends that the property was acquired during the marriage and therefore was presumptively marital. The short answer to the first contention is that the evidence does not establish any measurable enhancement to the value of the business from husband's labors, such as they were. During a part of the time he expended these labors he was paid a salary to do so. His additional efforts before he left his school employ were, under the evidence adduced by wife, negligible and at times counterproductive. There is no evidence that his labors served to increase to any degree the value of the business. Under the standards of review of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) we are unable to find any basis for application of the source of funds doctrine.

■ As to the second contention regarding the first point there simply was no acquisition of this property during the marriage. Wife owned the stock and all five parcels of real estate when the marriage occurred. She in essence exchanged that property for a note and then upon default on the note reacquired the stock and real estate in exchange for the note. The transactions clearly fall under the exception from marital property of "Property acquired in exchange for property acquired prior to the marriage...." Sec. 452.330.-2(2) RSMo 1978. The only portion of the school property acquired during the marriage was the sixth parcel which the court found to be marital. The handling of the entire transaction indicates a meticulous

concern by all parties that the property which wife brought into the marriage remain her separate property and not become a part of the marital estate. The wife's action in putting the payments on the note into the marital joint account does not establish an intent to convert the note itself into marital property. The only evidence adduced was that virtually all of those payments represented interest. That she treated the income from her separate property as marital does not establish that she treated the separate property itself that way. Dividends and interest from non-marital property received during coverture is marital property but the non-marital principal retains its original status. *Cain v. Cain*, 536 S.W.2d 866 (Mo.App.1976) [2] *overruled on other grounds*, 676 S.W.2d 817 (Mo. banc 1984); *In re Marriage of Williams*, 639 S.W.2d 236 (Mo.App.1982) [2]. We find no error in the disposition of the school stock and real estate.

■ Nor do we find any unfairness to the husband in the distribution of property. Sec. 452.330.1 RSMo 1978 requires the court to consider as relevant factors the contribution of each spouse to the acquisition of the marital property (including the contribution of the spouse as homemaker), the value of the property set apart to each spouse, the economic circumstances of each spouse at the time the division is to become effective, and the conduct of the parties during the marriage. The trial court provided the husband with a just share of the marital property considering those factors. On the record before us, and deferring to the trial court's determinations of credibility, it is difficult to find any substantial contribution by the husband to the acquisition of the property. There is no indication that he made any contribution as a homemaker or that he made any substantial

contribution to the nursery school business which furnished the resources for the acquisition of the marital property. His major contribution appears to have been as a traveling companion for wife on vacations. While it is clear that wife leaves the marriage with considerably more in assets ($138,000 marital property) than does husband (approximately $90,000 marital property), it is also true that she leaves it with proportionately less of the total assets than when she entered the marriage.[1] Husband has received from his relatively brief marriage marital property of a value considerably in excess of what he brought to the marriage and has at least two pieces of property which have income producing capability or can be sold to produce assets which can be made income-producing. There is certainly nothing in this record to authorize a greater award to him because of his conduct during the marriage. We find no error in the award of marital property.

■ Nor under the scope of our review can we find error in the award of maintenance. Husband, 54, is in good health and well-educated with substantial experience in education. He has, at wife's expense, received training in welding and recreational vehicle refrigeration. He is a licensed insurance agent pursuing that vocation. His efforts in seeking employment following separation of the couple (and his resultant termination of employment by the nursery schools) was perfunctory at best. Only after his first appearance on the stand, when his employment efforts were explored, did he even apply for work in his field of expertise. His subsequent efforts occurred after the school year commenced when opportunities for such employment are at their nadir. We find no basis for overturning the trial court's finding that

1. As to some of the minor assets the trial court may have erred in holding them to be non-marital where the asset may have been created in part from the earnings of the wife during the marriage. But our examination of the trial court's approach to making its awards causes us to believe that no substantial change in the award would have occurred had the property been properly characterized. The record is not clear as to the per cent of marital funds (as wife's earnings were) used to created these assets and husband has not advanced any specific objection to the award of them to wife, nor made them the subject of a specific point relied on.

husband "possesses marketable skills and is employable" and that twelve months is "adequate time for [husband] to find employment."

The last claim of error is that the trial court erred in failing to award attorney's fees to husband. Neither in the pleadings nor at trial was any request for fees made. Nor was any evidence in support of such an award offered. The point is without merit.

Judgment affirmed.

SNYDER and SATZ, JJ., concur.