**Donald P. WILLIAMS, Appellant,**

v.

**Nicole L. WILLIAMS, Respondent.**

**No. WD 37472.**

Missouri Court of Appeals,
Western District.

Sept. 9, 1986.

Lynn K. Ballew, Harrisonvile, for appellant.

Elvin S. Douglas, Jr., Harrisonville, for respondent.

Before NUGENT, P.J., and BERREY and GAITAN, JJ.

GAITAN, Judge.

This is an appeal from an action for dissolution of marriage and division of marital property. Appellant Donald P. Williams alleges the circuit court erred as follows: (1) in finding that appellant had used $10,000 of marital funds to pay a non-marital partnership debt on cattle and the related finding that respondent Nicole L. Williams had a marital interest in appellant's cattle; (2) in its valuation of a Sanyo computer because it was against the weight of the evidence; (3) the trial court's finding that a Cub tractor was marital property; and finally, (4) in finding a Z–28 Camaro automobile was marital property because it was purchased before the marriage and in requiring appellant to reimburse respondent for payments she made on the car during the separation period. We reverse and remand.

Appellant's petition for dissolution was filed on March 6, 1984 and the trial court entered its judgment on October 9, 1984. Appellant's motion for new trial was granted November 8, 1984 and the retrial was heard on February 6 and 7, 1985. The trial court's findings of fact and conclusions of law were entered approximately 5½ months later on July 26, 1985.

There is no dispute as to the general background events. Appellant Donald P. Williams and respondent Nicole L. Williams were married on February 18, 1983, and separated one year later on February 20, 1984. The only controverted issue in the dissolution was the division of marital property.

Appellant was an employee of a farming and cattle operation with his father as manager. In addition, both appellant and his father kept some of their own cattle in with their employer's herd and they considered themselves partners in that separate business. Appellant also owned cattle independent of his father and his employer.

■ *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) establishes the boundaries of this court's review of a court tried case. On appeal, the trial court's judgment is to be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence or the ruling erroneously declares or applies the law. We find there was no substantial evidence adduced at trial to warrant the $5,000 debt reduction award to respondent.

The following is a summary of the testimony and evidence produced at trial on which the trial court evidently based its decision.

Two financial statements were entered into evidence. Exhibit 9 was dated January 31, 1983, and was signed only by Donnie P. Williams, appellant. On this financial statement he listed as assets thirty-eight cattle with a total value of $22,998.45. There was no change in cattle ownership between the time of this financial statement and the marriage. On January 27, 1984, appellant and his father filled out a joint financial statement listing fifty-six cattle owned between them with an estimated value of $38,200.00.

Appellant's father testified that seven cows, three heifers, eight bulls, two year-

ling heifers, one steer, and three calves of the cattle appellant listed as his own on respondent's Exhibit 9 were actually his father's.

On the later financial statement, appellant's father claimed as his own: twelve cows, three calves, nine bulls and no steers or heifers.

Apparently, at the time of the marriage appellant and his father were liable on a large note to Archie State Bank in the amount of $10,823. This was secured by cattle apparently owned jointly by appellant and his father. Respondent claims that this debt was retired by appellant by the end of August of 1984 (during the time of the marriage).

From the financial statements and the testimony of appellant's father a table of cattle ownership and values is developed as follows:

| January 31, 1983 Total | (Father) No. | Value | (Appellant) No. | Value |
|---|---|---|---|---|
| 11 cows @ $900 = $9,900 | (7) | $6,300.00 | (4) | $3,600.00 |
| 6 heifers @ $600 = $3,600 | (3) | 1,800.00 | (3) | 1,800.00 |
| 4 heifers (1 yr) @ $400 = $1,600 | (2) | 800.00 | (2) | 800.00 |
| 8 calves @ $200 = $1,600 | (3) | 600.00 | (5) | 1,000.00 |
| 8 bulls @ $625 = $5,000 | (8) | 5,000.00 | — | —— |
| 1 steer @ $350 = $350 | (1) | 350.00 | — | —— |
| | (24) | $14,850.00 | (14) | $7,200.00 |

| January 27, 1984 Total | (Father) No. | Value | (Appellant) No. | Value |
|---|---|---|---|---|
| 24 cows @ $800 = $19,200 | (12) | $9,600.00 | (12) | $9,600.00 |
| 5 yearlings @ $600 = $3,000 | — | —— | (5) | 3,000.00 |
| 18 calves @ $300 = $5,400 | (3) | 900.00 | (15) | 4,500.00 |
| 9 bulls @ $1,000 = $9,000 | (9) | 9,000.00 | — | —— |
| | (24) | $19,500.00 | 32 | $17,100.00 |

Thereafter, the court found that the appellant was able to reduce his debts on his cattle by approximately $10,000 during the marriage with money he had obtained during the marriage. The court then stated that respondent's share of that debt reduction was $5,000.00. Appellant testified that $4,730.70 worth of cattle owned by him before the marriage was sold at various times during the marriage and the total amount was applied to a note at the Archie Bank.

In defense of the Court's position the respondent suggests a comparison of appellant's asset values between January 31, 1983 and January 27, 1984 indicates an increase of $9,900.00 which is very close to the $10,000.00 figure found by the court to reflect the marital interest in the cattle.

The court said the debts of the petitioner, in the amount of $10,000.00, were retired during the marriage from the sale of both non-marital and marital cattle. The court then found that a prima facie case of joint ownership by the husband and wife of the disputed cattle was made by the evidence. This court disagrees that a prima facie case was made from this evidence.

The trial court made no clear finding as to how many cattle were purchased during the marriage, how many were sold, what compensation was received, or what the value was of the cattle that were retained. There is no evidence in the record to indicate marital cattle were sold to pay off the non-marital debt. The evidence presented to the trial court was contradictory, vague and evasive. From the evidence preserved for appeal, we are unable to reach the conclusion reached by the trial court.

There was no evidence introduced as to how the approximate $5,000 remaining on the note was paid to the bank. We cannot find evidence to support the trial court's distribution of a $5,000 debt reduction to respondent as a division of marital property. This case is remanded to the trial court with directions to hold an evidentiary hearing to identify and value all marital and non-marital cattle as well as determine the specific use of marital and non-marital assets to retire the non-marital debt of $10,823. The evidence surrounding the existence of this debt, the exact amount owed and exactly who was responsible for this debt, is simply not clear. Thereafter, the trial court is directed to make an appropriate division of the marital property.

In furtherance of this directive, we find the calves which were born after the marriage are analogous to a dividend from pre-marital stock and as such constitute marital property. "Dividends and interest from non-marital property received during coverture is [sic] marital property but the non-marital principal retains its original status." *Bizzell v. Bizzell*, 697 S.W.2d 559,

563 (Mo.App.1985), citing *Cain v. Cain,* 536 S.W.2d 866 (Mo.App.1976).

Had the non-marital cattle themselves increased in value through no aid of respondent then the situation would require a different characterization. That did not occur here. Hence the calves born to appellant's cows after the marriage are marital property.

■ Appellant's next point concerns the trial court's valuation of the marital interest in a Sanyo computer and printer which was purchased just before the dissolution. The court stated that the computer was marital property which both sides argued should go to appellant. The court gave it an approximate value of $2,000 with appellant's share being $1,000. Appellant alleges this valuation of the property was not supported by any evidence in the trial. We agree. Respondent testified that its value was $1,500 and appellant testified its value was $1,400. This issue is remanded with direction that the court enter a valuation consistent with the only evidence of its present value.

The next issue to be addressed is the award by the trial court of a Cub tractor and implements to appellant as marital property with a value of $250.[1] Appellant argues that the only evidence offered during the trial concerning the tractor indicated it did not belong to either appellant or respondent but to his father. The ownership of the tractor was difficult for this court to establish from the record. The tractor was apparently in the possession of appellant and he did work on it receiving reimbursement from his father. The respondent without directly stating so seems to imply that from her testimony.

"The trial court has no jurisdiction to enter a decree dividing property that is not owned by either spouse." *In Re Marriage of Ward,* 659 S.W.2d 605, 607 (Mo.App. 1983) citing *In Re Marriage of Schulz,* 583 S.W.2d 735, 742 (Mo.App.1979).

We remand this matter to the trial court with directions to establish ownership of the Cub tractor, and if it is determined to be marital property, to divide it appropriately.

Appellant raises two issues concerning the disposition of the Z-28 automobile. On December 18, 1982, two months before the marriage of the parties, respondent purchased the aforementioned automobile and it was titled Donald P. Williams and/or Nicole L. Dooley (tenants in common.) The down payment, $1,000, came from the sale of some of respondent's property (a trailer home). Two payments were made before the marriage in January and February of 1983. There is some dispute over who made those payments with appellant claiming to have made half of them. After the marriage, they apparently both made the payments. It is not clear from the record who paid what.

Appellant contends that the automobile retained its non-marital status even though both parties were making payments on it during the marriage.

Appellant argues that a supplemental order containing a stipulation between the parties concerning reimbursement for the car payments made between the time of the hearing and the trial court's findings was improperly accepted and entered by the trial judge. This was done after the trial but allegedly within the 30 day period that the court retained jurisdiction. However, there are factual disputes concerning the subsequent hearing held to address this matter. Since this case is being remanded for an evidentiary hearing on other matters of marital and non-marital property, the trial court is hereby directed to establish the agreement between the parties as to disposition of this automobile. The court's consideration shall include the alleged stipulation between the parties as to payments made pending the dissolution. Thereafter

---

1. Appellant erroneously stated in his brief that the Cub tractor was awarded to respondent. This court will review this issue as the appellant obviously intended and excuse his mistake. R. 84.08.

the court shall dispose of it as either a marital or non-marital asset.

We reverse and remand as directed.