**Lora Mabel WILLYARD,**
**Petitioner-Appellant,**

v.

**Harold Alfred WILLYARD, Respondent.**

No. 49878.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 7, 1986.

Rehearing Denied Nov. 4, 1986.

Dennis E. McIntosh, Farmington, for petitioner-appellant.

David L. Colson, Thomas L. Ray, Colson, Wagner & Ray, Farmington, for respondent.

**CARL R. GAERTNER, Presiding Judge.**

Wife appeals from a decree of dissolution of marriage, alleging as error the trial court's finding that a promissory note was husband's separate property and the limitation in duration on the award of maintenance to her.

The standard of appellate review is firmly established: the decree of the trial court is to be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo.banc 1976).

The parties were married in December, 1977 when husband was 59 years of age and wife 57, and both subsequently retired before this action commenced. Initially, they lived in a house in Virginia which was purchased by husband before the marriage, title to which was in husband's name alone. The home in Virginia was sold when the parties moved to Missouri in 1981, and they received $22–23,000 in cash and a promissory note naming both as payees. The note had a face value of $103,500, with installments of $1,104 payable each month from January 15, 1981 until December 15, 1986, when the balance was to be paid.[1] They purchased land and constructed a home in Missouri, and wife contributed $17,000 of her separate property to pay for the construction of a swimming pool in the backyard. A part of the cash received from the sale of the Virginia residence was used as a down payment and the monthly installments received on the note were used to pay off the indebtedness on the Missouri property. At trial wife testified that she considered the Missouri property, which was subject to indebtedness equal to its value, to be husband's. However, she thought she should have an interest in the $103,500 promissory note.

The trial judge, citing § 452.330.2, RSMo. Cum.Supp.1984, and *Conrad v. Bowers,* 533 S.W.2d 614 (Mo.App.1975), found the note to be husband's separate property. Accordingly, he awarded the note to husband but ordered that on December 15, 1986, or upon earlier final payment of the note, husband should pay $18,000 to wife. That sum, the trial court found, represented wife's contribution to the Missouri property.

---

1. The parties have informed us that the balance of the note was paid while this appeal was pending. Not contested here is the award of the monthly payments of the note to husband to maintain the Missouri home, which was allocated to him.

■ All property acquired during a marriage which was put in the joint names of husband and wife is presumed to be marital property under § 452.330.3, RSMo.Cum. Supp.1984. To overcome this presumption, a party must show that the property was acquired in exchange for property accumulated prior to the marriage and prove by clear and convincing evidence that there was no intent to make a provision for, a settlement in favor of, or a gift to the other spouse. *McDowell v. McDowell*, 670 S.W.2d 518, 523 (Mo.App.1984); *Conrad v. Bowers*, 533 S.W.2d 614, 624–25 (Mo.App. 1975).[2]

■ There is no dispute that the note was acquired in exchange for property accumulated before the marriage; the controversy here concerns husband's intent. The trial court did not make a specific finding that husband did not intend to make a gift, provision or settlement in favor of wife when he allowed her name to be put on the note, but we consider this fact to have been found in accordance with the result reached below. Rule 73.01(a)(2). Moreover, we must defer to the trial court's finding of credibility, *Sulltrop v. Sulltrop*, 655 S.W.2d 850, 851 (Mo.App.1983) and the court clearly believed husband's testimony that he never intended wife to have any interest in the note. Husband testified that wife's name was placed on the note at the insistence of the Virginia lawyer and real estate agent who handled the closing of the sale. Wife's belief that the Missouri property where they resided was husband's tends to corroborate the husband's testimony. Accordingly, the trial court did not err in characterizing the promissory note separate property; wife's first point is denied.

In addition to the $18,000 from the proceeds of the note discussed above, wife was awarded her pension, bank accounts totaling approximately $12,000 and $250 per month maintenance until December 31, 1986 or earlier payment of the note to husband (and presumably his payment of the $18,000 to her). Wife's monthly income at the time of the hearing was approximately $495, exclusive of maintenance. Husband received his pensions, joint and separate bank accounts totaling approximately $3300, the marital residence, the promissory note for $103,500 and all monthly payments thereon. He assumed all marital debts jointly incurred during the marriage and his income at the time of the hearing was approximately $2900 per month (exclusive of the payments on the note). Each party was also awarded non-income producing property, the distribution of which is not in dispute.

■ Wife's second point is that the trial court erred in awarding maintenance for a limited period. Once the trial court has determined that an award of maintenance is appropriate, it has discretion as to the amount and length of that award under § 452.335.2, RSMo.1978. However, maintenance of limited duration is proper "only where the trial court has before it evidence of some impending change in the financial conditions of the parties or at least some reasonable expectations that such a change will occur." *Turner v. Turner*, 650 S.W.2d 662, 664 (Mo.App.1983), citing *In re Marriage of Powers*, 527 S.W.2d 949, 956 (Mo. App.1975). Further, that change must indicate with some degree of certainty that the dependent spouse will become self-supporting. *Blount v. Blount*, 674 S.W.2d 612, 614 (Mo.App.1984). Whether a decision to temporarily limit maintenance is appropriate depends upon whether there was substantial evidence at the time of the decree to justify the limitation. *Doerflinger v. Doerflinger*, 646 S.W.2d 798, 802 (Mo.banc 1983).

■ We infer from the decree that the change in circumstances was the receipt of the $18,000, and find that neither that fact nor anything else in the record before us indicates with any degree of certainty that wife will be self-supporting when maintenance is scheduled to end. Wife was 63 years old at the time of trial, with a high

---

2. In both *McDowell* and *Conrad* we considered an earlier form of § 452.330, but those sections which are dispositive here remain unchanged throughout.

school education and basic secretarial skills. She was unemployed, and there was no indication that employment would be forthcoming. By awarding $250 per month maintenance, the trial court must have found that amount appropriate under § 452.330 to help wife meet her reasonable needs, and we find that the receipt of $18,-000 does not constitute substantial evidence of wife's ability to meet her needs beyond that point without maintenance. Moreover, wife should not be required to dispose of her assets or consume her share of the division of property in order to meet her living expenses before she is entitled to maintenance. *Johnson v. Johnson,* 671 S.W.2d 426, 428 (Mo.App.1984); *In re Marriage of Brewer,* 592 S.W.2d 529, 535 (Mo. App.1979).

Accordingly, the order limiting maintenance is reversed and we enter the order which should have been entered by the trial court. *LoPiccolo v. LoPiccolo,* 547 S.W.2d 501, 506 (Mo.App.1977). Maintenance shall remain $250 per month unless and until a proceeding for modification is brought and a change deemed appropriate under § 452.-370.1, RSMo.Cum.Supp.1984. In all other respects, the judgment is affirmed.

SMITH and SNYDER, JJ., concur.