**Frank A. MILDE, Jr.,**
**Petitioner-Respondent,**

v.

**Janet Sue MILDE,**
**Respondent-Appellant.**

**No. 51025.**

Missouri Court of Appeals,
Eastern District,
Southern Division.

Dec. 9, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 13, 1987.

Application to Transfer Denied
Feb. 17, 1987.

Stephen E. Strom, Cape Girardeau, for respondent-appellant.

Theodore S. Schechter, Clayton, for petitioner-respondent.

SMITH, Judge.

Wife appeals from a judgment in a dissolution action. We affirm with one minor modification.

Husband is a dairy farmer. The farm has been in the family for several generations. He began working on the farm at age eight or ten. In 1963, at nineteen, following high school graduation and a short stint in the National Guard, he joined his father in the full-time operation of the farm. In January 1964, husband and his parents entered into an oral partnership agreement for the operation of the farm. Husband was a one-third partner, and his parents had the remaining interest. This agreement was reduced to writing a year later. Husband and wife married on July 9, 1965. On January 1, 1975, the partners formed a corporation to operate the dairy farm. The stock ownership was in the same proportions as the prior partnership agreement. The assets and liabilities of the partnership were transferred to the corporation. In December of that year husband received from his parents as a gift enough stock to make his interest in the corporation forty percent. At no time was any partnership or corporate interest owned by the wife.

Throughout the marriage both husband and wife worked on the farm. Husband received a salary for his work, and during the later years wife was paid $400 per month for her care of the new born calves. The evidence clearly establishes that both parties worked diligently and constantly in typical farm family tradition. The family lived almost exclusively on husband's gross salary of $2,050 per month and wife's salary was used by her for savings.

The partnership owned certain cattle. These were not specifically transferred to the corporation at the time of its incorporation. It did, however, provide the feed and care for them, and sold their milk.

The cattle were "registered" half in the name of husband's father and half in husband's name. It is not clear that "registration" of thoroughbred Holstein cattle constitutes a declaration of proof of ownership. At any rate, during the father's terminal illness the registration of father's cattle was transferred to son's name and shortly after father's death all registrations were transferred to the corporation. This two step transaction was done at the father's request.

In a dairy operation newborn calves are utilized to replace their mothers. Cows do not become milk producers until they have calved. They lose their milk producing efficiency at approximately four years of age and are then sold for slaughter. Newborn calves are culled immediately after birth. Most males and those females found inferior are immediately sold for slaughter. Approximately half of the new born calves are kept for integration into the herd. Obviously, the cattle belonging to the partnership at its origin were not the same cattle "registered" in the father's and husband's names and were not the same cattle registered to the corporation at the time of the dissolution judgment in November 1985. There was testimony that because the cattle are produced on the farm and not purchased, they have no "basis" for tax purposes and are not included in the tax returns. They also were not included on the corporate balance sheet. The accountant testified that for purposes of determining the net worth of the corporation they should be included as an asset.

The trial court found the corporate stock to be separate property of the husband; found the cattle to be the property of the corporation; awarded the wife $115,000 or 87% of the marital property; awarded the wife $300 per month maintenance and $700 per month total child support for the three children of the marriage. On appeal she challenges all of these determinations.

■ The partnership was formed prior to the marriage and the corporate stock was in exchange for the partnership interest or

as to 6.67% of the total corporate stock, was a gift from husband's parents to him. As such the stock was separate property under the statute. Sec. 452.330.2, RSMo Cum.Supp.1983; *Hoffman v. Hoffman,* 676 S.W.2d 817 (Mo. banc 1984). Wife contends the partnership was formed in contemplation of marriage and under *F.W.H. v. R.J.H.,* 666 S.W.2d 910 (Mo.App.1984) was marital property. This case is clearly distinguishable from that. The original oral partnership was formed 18 months before the marriage and the record demonstrates no intention to marry at that time. The partnership agreement here was between the husband and his parents and did not involve wife, unlike that in *F.W.H.* where the engaged couple purchased the home together in contemplation of their marriage and utilized it as the marital home. The history of this family farm, passed on from parent to child for several generations, does not indicate that the partnership was intended as marital property.

■ Wife also invokes *Hoffman v. Hoffman, supra,* in challenging the failure of the trial court to award wife a portion of the increase in value of husband's interest in the corporation. The difficulty with this contention is that the record does not establish that any such increase was the result of uncompensated marital labor of either husband or wife. *Hoffman v. Hoffman, supra* [10]; *Heilman v. Heilman,* 700 S.W.2d 843 (Mo. banc 1985) [2]; *In re Marriage of Herr,* 705 S.W.2d 619 (Mo. App.1986) [4]. Both husband and wife were compensated for their labor. In addition, the trial court here found that:

"... petitioner owns a minority interest of 40%, while his parents own the controlling interest of 60%. The petitioner was one of the board members and he could not unilaterally declare or withhold dividends. There was no evidence of collusion with his parents to defraud respondent of marital property by minimizing dividends or restricting the salary being paid petitioner."

This finding is fully supported by the record and supports the trial court's decision. *Hoffman v. Hoffman, supra* [10].

■ We also find no error in the trial court's finding concerning the cattle. Wife's contention is that the cattle originally owned by husband had died and were replaced by cattle born during the marriage making them marital property and that the evidence did not support a finding that the cattle were the property of the corporation. Wife relies upon *In re Marriage of Williams,* 639 S.W.2d 236 (Mo. App.1982). Additionally see *Williams v. Williams,* 716 S.W.2d 13 (Mo.App.1986) [2]. Those cases involved beef cattle where the end product of the farming operation is the new livestock produced. In that sense such livestock is analogous to a dividend on separately owned stock. In a dairy operation new cattle are replacement for the milk-producing component of the operation. The milk they produce is the end product of the business. The newly born cattle are more nearly analogous to replacement of capital equipment than to a dividend.

Additionally, the trial court found that the cattle belonged to the corporation and we find that conclusion supported by the evidence. Throughout the existence of the partnership and the corporation the business of those entities was the production of milk. They bred, fed and raised the cattle and sold the milk which they produced. The temporary "registration" of the herd in the father's name or in the husband's name or both does not mandate a conclusion that it was ever owned by anything other than the business entities. Dissolution actions by their nature are a hindsight view of family economic relationships engaged in when the marriage was functioning as a cohesive and loving unit. We do not believe that hindsight view must be applied to such relationships in the same legalistic fashion that it would be to arm's length business transactions. Intrafamily activities are not, and should not be, conducted as if the parties were adversaries each interested in protecting his or her own interest. Marriage is a personal partnership based upon love, trust and a mutuality

of interest and benefit. When it comes apart courts must assess the economic activities from the perspective of the parties as loving partners, not from the perspective of adversaries as they are at trial of the dissolution proceeding. We believe the court correctly assessed the economic activities here. The farming operation was one belonging for several generations to husband's family. As is usual with family farms husband came into the business shortly after completing his education and the family farm provided the means of livelihood for husband, wife and their children. Nothing in this record warrants a conclusion that the husband's parents, husband or wife viewed the cattle as anything other than a resource of the family farm or that temporary registration in husband's name was intended to remove the cattle from that status. We find no error in the trial court's determination that the cattle were owned by the corporation.

■ Wife challenges the award of marital property as inadequate. It is apparent that the trial court gave serious consideration to the contribution of the wife to the marriage and awarded her all but 13% of the marital property including substantial cash and some real estate having income potential. We cannot find any basis for holding the award inadequate.

■ The same is true of the award of maintenance and child support. Wife has employment which provides an income of approximately $600 per month. The maintenance and support awards are approximately two-thirds of husband's net pay. Wife's claimed expenses exceed the amount which the entire family unit lived on prior to the parties' separation. Her monthly potential income, including return on marital property awarded to her, is very nearly equal to husband's gross monthly income and nearly four times greater than his net income after meeting his maintenance and support obligations. We cannot find the awards inadequate.

Wife's final contention is that the visitation award in the judgment contains a typographical error identifying the recipient of one period of visitation as petitioner (husband) rather than respondent. Husband concedes the error which is apparent on the face of the decree. We have authority to correct plain and manifest error or mistake in a judgment or decree. *Bourke v. Foster*, 343 S.W.2d 208 (Mo.App.1960)[1]. The judgment is amended by substituting "respondent" for "petitioner" in the second reference to "petitioner" in paragraph "4.h)" of the judgment.

In all other respects the judgment is affirmed.

DOWD and REINHARD, JJ., concur.