**In re the MARRIAGE OF Veronica Diane STROBEL and Carl Gene Strobel.**

**Veronica Diane STROBEL, Petitioner–Appellant,**

v.

**Carl Gene STROBEL, Respondent– Respondent.**

No. 17468.

Missouri Court of Appeals, Southern District, Division One.

Jan. 10, 1992.

award is excessive is therefore moot as to any amount in excess of that figure.

Suzanne Gilmore, Sikeston, for petitioner-appellant.

Donald Rhodes, Bloomfield, for respondent-respondent.

PREWITT, Presiding Judge.

The parties were married on March 15, 1989, separating for the final time on June 16, 1990. "Judgment" dissolving the marriage and dividing their property was entered on March 1, 1991. Appellant then filed a "Motion to Vacate, Re-open, Correct, Amend or Modify Judgment".

Among the contentions in the motion was that the court failed to make a determination as to which assets were marital and which were separate property. On March 28, 1991, the court entered "Findings and Order" wherein it specified what property it considered to be marital and what property was the separate property of the parties. The court then denied appellant's motion.

On appeal appellant has two points relied on. The first contends the trial court erred in not identifying in the "Judgment" which items of property were marital and non-marital. The authorities relied on by appellant are § 452.330.1, RSMo Supp.1990 and *Fields v. Fields*, 584 S.W.2d 163, 166 (Mo.App.1979).

If the trial court erred in not sufficiently determining which assets were marital and which separate, that error was corrected by its order of March 28, 1991. It specifically set forth which was marital property and

which was separate property. The validity of that order is not questioned. Point one is denied.

■ Appellant states in her second point that the trial court erred in finding that a promissory note was respondent's separate property and awarding it to him. The note was payable to both appellant and respondent. It was given in partial payment for the purchase of real estate in Arkansas received by respondent from his parents as a gift.

Appellant contends that the trial court's finding in regard to the note was not supported by substantial evidence, "is against the weight of the evidence" and erroneously applied the law. Appellant specifically bases this on the facts that the note was payable to appellant and respondent and payments received on the note were used for the "mutual benefit" of both parties.

This contention is reviewed under Rule 73.01(c). As that rule is interpreted, this court is to affirm the trial court's determination, unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *In re Marriage of Lafferty*, 788 S.W.2d 359, 361 (Mo.App.1990).

■ A judgment is to be set aside because it is against the weight of the evidence only with caution and with a firm belief that the decree or judgment is wrong. *Plunkett v. Parkin*, 788 S.W.2d 356, 357 (Mo.App.1990).

■ "Weight of the evidence" means its weight in probative value, not its quantity. *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo.App.1990). "The weight of evidence is not determined by mathematics, but on its effect in inducing belief". *Id.*

■ Due regard is given by an appellate court to the trial court's determination on the credibility of witnesses. Rule 73.-01(c)(2); *Looney*, 783 S.W.2d at 165. The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979).

■ Property acquired during a marriage, including that put in the joint names of the spouses, is presumed to be marital property under § 452.330.3, RSMo Supp. 1990. *Willyard v. Willyard*, 719 S.W.2d 91, 93 (Mo.App.1986). A party may overcome this presumption by showing that the property was acquired in exchange for property acquired prior to the marriage and prove by clear and convincing evidence that there was no intent to make a gift to the other spouse. *Id.*

Based on this court's limited review, and giving deference to the trial judge as to the parties' credibility, this point must be denied. The evidence here was similar to that in *Willyard*. Respondent testified that he did not intend to have appellant's name placed on the note, but it was done by an attorney or an attorney's secretary in Arkansas. The trial court in its order of March 28, 1991, made a specific finding "that at no time did respondent intend that the promissory note ... be marital property."

■ Using the note payments for the benefit of both parties did not make the note marital property. Putting payments from a note into a marital joint account does not establish an intention to convert the note into marital property. *Bizzell v. Bizzell*, 697 S.W.2d 559, 563 (Mo.App.1985). Treating income from separate property as marital does not mean that the separate property is to also be treated that way. *Id.*

The judgment is affirmed.

CROW and PARRISH, JJ., concur.