**Jo Ann ELDER, Appellant,**

v.

**Oakley C. ELDER, Respondent.**

**No. 17497.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 19, 1992.

Souder F. Tate, John W. Bruffett, Ava, for appellant.

Don M. Henry, Henry & Henry, West Plains, for respondent.

PARRISH, Judge.

The appellant, Jo Ann Elder, brought this action in the Circuit Court of Ozark County, Missouri, seeking dissolution of her marriage to respondent, Oakley C. Elder. Following trial by court, judgment was entered dissolving the marriage. The judgment set apart certain non-marital property to the respective parties and divided the marital property. This appeal is from a determination by the trial court that certain cattle were marital property. This court affirms.

The decree of the trial court is reviewable in accordance with Rule 73.01 as construed in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Deference is given to the trial court's opportunity to have observed the witnesses and judged their credibility. Rule 73.01(c)(2).

The trial court awarded appellant "[a]ll cattle which consists of approximately 100 cows with approximately 70 calves, 2 Charolais bulls, and 30 yearling heifers and steers" as part of her share of marital property. Her one point on appeal [1] claims that the trial court's determination that the cattle were marital property and subject to division as such was not supported by substantial evidence; "was against the weight of the evidence, and the trial court either erroneously declared the law or, ... erroneously applied the law."

Appellant was given 56 head of cattle by her mother in 1980. At the same time she was given a farm and farm equipment. Appellant purchased two more cows from her nephew. Respondent subsequently purchased six cows. His six cows were "sold long ago." All but three of the cows owned at the time of the trial were an increase from the original herd that had been given to appellant. The other three were an increase from the six cows that were originally purchased by respondent. The operation of the farm was characterized, in the testimony, as a cattle business. The cattle were beef cattle.

Calves born during the course of a marriage to cattle owned by a husband or wife are property acquired subsequent to the marriage. § 452.330.2, RSMo Supp. 1990. This is true even though the increase is from cattle that were non-marital property. *See Williams v. Williams*, 716 S.W.2d 13, 15 (Mo.App.1986); and *In Re Marriage of Jo Ann Williams and John E. Williams*, 639 S.W.2d 236, 237 (Mo.App. 1982).[2]

The trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. No error of law appears. Further opinion would have no precedential value. The judgment of the trial court is affirmed in compliance with Rule 84.16(b).

PREWITT, P.J., and CROW, J., concur.

---

1. Appellant also filed a Motion to Strike Portions of Respondent's Brief that was ordered taken with the case. That motion is denied.

2. Appellant refers to *Milde v. Milde*, 723 S.W.2d 471, 473 (Mo.App.1986), and suggests that its rationale, if applied in this case, would result in a finding that the cattle were not marital property. *Milde* is not applicable. That case involved a different issue than the one presented here. In *Milde*, the question for determination was whether the increase in a dairy herd was owned by a corporation, corporate stock from which was owned by one of the parties as non-marital property, or whether the dairy cattle were owned by the parties.