William Scott TAYLOR, Petitioner-Appellant,

v.

Colleen M. TAYLOR, Respondent-Respondent.

No. SD 34532

Missouri Court of Appeals,
Southern District,
Division One.

Filed: September 6, 2017

ATTORNEY FOR APPELLANT—
RANDY J. REICHARD, Springfield, MO.

ATTORNEY FOR RESPONDENT—
RONDA L. N. CORTESINI, Waynesville,
MO.

MARY W. SHEFFIELD, P.J.

 William Scott Taylor ("Husband") appeals from the trial court's judgment dissolving his marriage to Colleen Melissa Taylor ("Wife") and dividing their marital property. Husband raises three points relied on, challenging the trial court's classification and division of property.[1] Husband's points are without merit because they ignore the standard of re-

view, and the trial court's judgment is affirmed.

### Factual and Procedural Background

Husband and Wife were married in 1987. In 2012, Husband told Wife he had been having affairs. Husband and Wife separated in March 2015, and Husband thereafter filed for dissolution of the marriage.

The trial court held a two-day trial at which the primary issues involved the classification, valuation, and division of the parties' property. The property involved included numerous vehicles, pieces of farm equipment, guns, three parcels of real estate, several bank accounts, and several retirement accounts. The trial court entered its judgment dissolving the parties' marriage on March 22, 2016. As relevant to the issues on appeal, the judgment included the finding that Wife's non-marital property included "$60,000.00 from her non-marital contribution into the marital residence" and that $5,000 of Wife's non-marital property was contributed to purchase a second home owned by the parties.

---

1. In a motion to dismiss which was ordered taken with the case, Wife argues the appeal should be dismissed because Husband voluntarily accepted the benefits of the judgment when he sold the parties' second home to a third party on May 9, 2016. While "[t]he general rule is that a litigant who has voluntarily and with knowledge of all the material facts accepted the benefits of a decree or judgment of a court cannot afterwards take or prosecute an appeal to reverse it[,]" *Hicks v. Hicks*, 859 S.W.2d 842, 845 (Mo. App. W.D. 1993), that rule "should not be strictly applied in divorce cases because of the peculiar situations of the parties and the equitable considerations involved." *Smith v. Smith*, 702 S.W.2d 505, 507 (Mo. App. S.D. 1985) (citation omitted). In determining whether to permit an appeal in a dissolution case despite the general rule, appellate courts have considered the following factors:
 (1) the amount received was a small portion of the total judgment; (2) the amount

accepted has effectively been conceded to be due by a [spouse] who did not appeal; (3) the acceptance of benefits was due to financial distress; (4) the absence of prejudice to the judgment debtor [spouse]; and (5) where the only issue on appeal is whether an award will be increased.
*In re Marriage of Miller*, 347 S.W.3d 132, 139 (Mo. App. S.D. 2011) (quoting *Hicks*, 859 S.W.2d at 845). Here, although the equity in the second home was approximately $100,000 or 15 percent of the marital estate, Wife stated in her testimony that the parties purchased that property at Husband's insistence and that she did not want that property. Moreover, it appears Wife will not be prejudiced because the trial court ordered Wife to receive a monetary payment from an investment account to compensate her for her non-marital contribution to the acquisition of the second home. Wife's motion to dismiss is denied.

In addition to its other awards and as relevant to the issues raised in this appeal, the trial court awarded the marital home to Wife and awarded the second home, a parcel of hunting land, and a closed bank account valued at $13,286 to Husband.

Husband appeals.

## Standard of Review

 The following standard of review applies to each of the points Husband raises. The judgment in a dissolution case "must be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Wansing v. Wansing*, 277 S.W.3d 760, 766 (Mo. App. S.D. 2009). Moreover, this Court views "the evidence and reasonable inferences therefrom in a light most favorable to the prevailing party and disregard[s] contradictory evidence." *Id.* (quoting *McCallum v. McCallum*, 128 S.W.3d 62, 65 (Mo. App. E.D. 2003)). "The trial judge may believe or disbelieve all, part, or none of the testimony of any witness, and the court may disbelieve testimony even when uncontradicted." *Nelson v. Nelson*, 25 S.W.3d 511, 518 (Mo. App. W.D. 2000) (quoting *Gerhard v. Gerhard*, 985 S.W.2d 927, 930 (Mo. App. S.D. 1999)). This Court will "defer to the trial court's determinations of credibility[.]" *Wansing*, 277 S.W.3d at 766.

## Point One: Classification of Property

In his first point, Husband challenges the trial court's classification of two contributions Wife made to the acquisition of marital real estate. First, he challenges the classification of Wife's $60,000 contribution to the marital home. Second, he challenges the classification of Wife's $5,000 contribution to the second home.[2] He suggests the property was transmuted to marital property through joint titling. These arguments ignore the standard of review.

 "Section 452.330.1 requires the trial court to determine what property is separate and what is marital, set apart to each spouse each spouse's non-marital property, and divide the marital property as it deems just." *In re Marriage of Dolence*, 231 S.W.3d 331, 336 (Mo. App. S.D. 2007). Moreover, "[t]here is a statutory presumption that all property acquired by either spouse subsequent to the marriage is marital." *Id.* at 337. One exception to this presumption is where property is acquired in exchange for property acquired prior to the marriage. To overcome the presumption in such cases, "a party must

---

**2.** This point is multifarious, and consequently preserves nothing for appellate review. Rule 84.04, which governs the preparation of appellate briefs, requires that each point relied on "[i]dentify the trial court ruling or action that the appellant challenges[.]" Rule 84.04(d)(1)(A). This rule contemplates one ruling per point; points which challenge multiple rulings are multifarious and "preserve nothing for review." *In re Marriage of Fritz*, 243 S.W.3d 484, 487 (Mo. App. E.D. 2007). Arguably, the classification of each item of property is a separate ruling, and so should be considered in a separate point relied on. Combining separate items into a single point has the potential to confuse the issues. This is especially true here since reversal of a trial court error in classification of property is not necessary where there is no prejudice. *See Montgomery v. Montgomery*, 18 S.W.3d 121, 125 (Mo. App. S.D. 2000). The perceived prejudice from the misclassification may be magnified if, as in the present case, multiple items are grouped together because by grouping the items together it may appear that a larger portion of the marital estate was affected. However, "[a]n appellate court prefers to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief." *Bush v. City of Cottleville*, 411 S.W.3d 860, 864 (Mo. App. E.D. 2013). Thus, since we are readily able to distinguish the two items whose classification Husband challenges, we will exercise our discretion to review his claims.

show that the property was acquired in exchange for property accumulated prior to the marriage and prove by clear and convincing evidence that there was no intent to make a provision for, a settlement in favor of, or a gift to the other spouse." *Willyard v. Willyard*, 719 S.W.2d 91, 93 (Mo. App. E.D. 1986). This presumption can be overcome, for example, where there is evidence that the second spouse's name was included on the title at the insistence of a third party accompanied by testimony of the second spouse acknowledging the separate interest of the first spouse. *Id.*

Husband's argument with respect to Wife's contribution to the marital home is without merit because it ignores evidence favorable to the trial court's ruling. Here, Wife testified that when she and Husband were first married they lived in a home on property she had inherited from her father. Over the next several years, the couple worked as a team to improve that property. In 1994, Husband bullied her into putting his name on the deed because of the work he had done. At that time, the property was worth about $60,000. They subsequently sold that property and received approximately $127,000. Husband and Wife then used $100,000 of that money to pay the down payment on the marital home.

Importantly, in his testimony at trial, Husband agreed that the first property was originally Wife's separate property. Although he believed the property was worth only $22,000 he agreed that Wife inherited the property from her father and that it was not deeded to them as husband and wife until 1994. Wife's testimony that Husband bullied her into changing the title, when accompanied by Husband's admission that there was a non-marital interest in the property, is substantial evidence to support the trial court's determination.

Husband's reliance on *Winter v. Winter*, 167 S.W.3d 239 (Mo. App. S.D. 2005), is misplaced. The testimony in *Winter* was different from the testimony in this case. In *Winter*, the husband testified his parents made the gift to himself and his wife jointly. *Id.* at 246. Here, in contrast, Husband's own testimony admitted Wife had inherited the property in her individual capacity and that some portion of the value of that property remained her separate property. Moreover, here, unlike in *Winter*, there is evidence in the record to support the trial court's decision that the decision to jointly title the property was not made voluntarily.

Husband's argument with respect to Wife's contribution to the second home is without merit because he failed to prove prejudice from any alleged misclassification. Here, the evidence showed Wife's $5,000 contribution to the purchase of the second home was acquired during the marriage by gift. Wife testified that when her father died there was an account containing $5,000 in dividends which her stepmother paid to her. Wife used the money from that stock to pay the down payment on the second home. However, unlike the case with the $60,000 contribution to the marital home, there was no testimony from Husband acknowledging this as a separate interest. Arguably, the trial court should have found this $5,000 contribution to be a gift to the marriage. *See id.* at 246.

That conclusion does not end the analysis, however. "[T]rial court error in classifying property is not necessarily prejudicial." *Montgomery*, 18 S.W.3d at 125. "This court does not reverse a judgment unless the trial court error materially affected the merits of the action." *Id.*; *see also Patterson v. Patterson*, 207 S.W.3d 179, 189 (Mo. App. S.D. 2006). The marital estate was valued at over $600,000. Consequently, this contribution

was less than one percent of the entire estate. Given the relatively small amount of this contribution, any trial court error in the classification of that property was not prejudicial.

Husband's first point is denied.

## Point Two: Phelps County Bank Savings Account

■ In his second point, Husband claims the trial court erred in awarding him $13,286 from a bank account that did not exist at the time of trial. We deny this claim because Husband invited the error of which he now complains.

■ The general rule is that "[a] party ... cannot rely on 'invited error' on appeal." *Cureau v. Cureau*, 514 S.W.3d 685, 690 (Mo. App. E.D. 2017) (quoting *Workman v. Workman*, 293 S.W.3d 89, 101 (Mo. App. E.D. 2009)). That is, "[a] party cannot lead a trial court into error and then employ the error as a source of complaint on appeal." *In re Marriage of Collins*, 875 S.W.2d 643, 648 (Mo. App. S.D. 1994).

At trial, both parties testified regarding a joint savings account with Phelps County Bank. Wife testified the account had about twelve thousand dollars in it. Wife stated Husband took out $8,500 to purchase a motorcycle without her permission just prior to filing for dissolution. She also testified that later, during a discussion over property division, Husband told her he had closed the Phelps County Bank savings account and in exchange Wife could have another bank account containing approximately the same amount of money. Wife received about $4,000 when she closed the other account.

Husband's own trial testimony corroborated this account. Husband testified he opened two new individual accounts "in regard to some other accounts that [had] been closed[.]" At the time of trial, those

accounts had balances of $35.49 and $4,399.27, respectively. Husband did not disagree or contest Wife's characterization of the discussion regarding the disposition of both accounts. Husband and Wife mutually agreed that Husband would receive the money from the Phelps County Bank savings account.

This conclusion is supported by examination of Exhibit One. Exhibit One is a document listing the division of marital property. It was attached to and incorporated into the judgment. That exhibit showed two closed accounts with Phelps County Bank. The first account had a balance of $4,326, and the document indicated that both Husband and Wife requested that amount be awarded to Wife. The second account had a balance of $13,286. Exhibit One indicated that both Husband and Wife requested that account be awarded to Husband. The trial court awarded the account with $4,326 to Wife and the account with $13,286 to Husband.

From this evidence it appears Husband took the money in the account and told Wife she could have the other account in exchange. Then, at trial, Husband affirmatively requested the trial court award the $13,286 account to him. The trial court awarded the accounts as Husband requested. Moreover, while Husband filed a motion for new trial, and requested other corrections to the judgment, he did not include any claim about the money in the Phelps County Bank account. Thus, he deprived the trial court of any opportunity to correct this alleged error. Consequently, any error in awarding those funds to Husband was invited. This claim is denied. *See Collins*, 875 S.W.2d at 648.

## Point Three: Cumulative Prejudice

In his third point, Husband argues the alleged errors identified in his first two points resulted in an unequal distribution

of the marital estate. However, as discussed above, the trial court did not err in its classification of Wife's contribution to the marital home nor in awarding the Phelps County Bank savings account to Husband. Moreover, any alleged error in the classification of Wife's contribution to the second home was not prejudicial. Thus, this point, which merely alleges prejudice arising from those supposed errors, need not be separately addressed.

## Decision

The trial court's judgment is affirmed.

GARY W. LYNCH, J.—CONCURS

DON E. BURRELL, J.—CONCURS